JEFFREY C. GILMORE *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF DU PAGE *et al.*, Defendants-Appellees.

Second District   No. 2—90—0589

Opinion filed February 22, 1991.

Harlan J. Spiroff, Kenneth T. Kubiesa, and Barbara J. Gosselar, all of Kubiesa & Power, Ltd., of Westmont, for appellants.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Carole R. Doris, and Mark Bucksath, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

The plaintiffs, Dr. Jeffrey C. Gilmore and Esther Gilmore, appeal a circuit court judgment affirming the determination of the Du Page County zoning board of appeals (Board) that the plaintiffs' use of part of their home as a dentist's office violated a 1980 amendment to the Du Page County zoning ordinance that restricts the use of property in single-family residential districts for "home occupations." The issue before us is whether the Board erred in holding that the plaintiffs' conversion of an addition to their house from a chiropractor's office to a dentist's office was a prohibited change from one nonconforming use to another and not the continuation of a lawful prior nonconforming use. We affirm.

The plaintiffs own a single-family residence at 2601 Maple Avenue in unincorporated Downers Grove. They purchased the house from Dr. Kowalkiewicz, a chiropractor, in December 1987. From 1972 until a few months before he sold the house to the plaintiffs, Dr. Kowalkiewicz used an addition measuring approximately 700 square feet as a chiropractor's office.

On or about September 23, 1988, the plaintiffs, without obtaining a special use permit from the county, started to use part of the addition as a dentist's office. On September 23, 1988, a county deputy zoning officer issued notice to the plaintiffs that they were violating the zoning ordinance by operating a dental office on property zoned R-4 (single-family residential district). The plaintiffs appealed, and on November 17, 1988, the Board held a hearing on the appeal. On December 12, 1988, the Board ruled that the plaintiffs' use of the property violated the 1980 amendment to the county zoning ordinance and could not be validated as the continuation of the prior lawful nonconforming use of the addition as a chiropractor's office. The circuit court affirmed the Board's decision on administrative review.

Most of the evidence in this case is undisputed. The parties stipulated before the administrative hearing that up until the amendment of the zoning ordinance on July 18, 1980, the use of the addition for the chiropractor's office was lawful under the following provision of the zoning ordinance allowing for the operation of "home occupations" in residential districts:

> "*HOME OCCUPATION.* Any gainful occupation or profession engaged in by the occupant of a dwelling at or from the dwelling. \*\*\* Permissible home occupations include but are not limited to the following: art studio; dressmaking; professional offices of a clergyman, lawyer, physician, dentist, architect, engineer, or accountant, when located in a dwelling unit occupied by the same." Du Page County Zoning Ordinance §II (19___).

On July 18, 1980, the zoning ordinance was amended to limit home occupations permissible in single-family residential districts to those which, *inter alia*, "[are] operated in [their] entirety within the residence (not any accessory building) and only by the person or persons residing therein," do not have "a separate entrance from outside the building," do not "exceed three hundred (300) square feet in area," and do not "utilize mechanical or electrical equipment other than the type normally found in the single-dwelling unit." (Du Page County Zoning Ordinance §II (amend. 1980).) The parties agree that neither the chiropractor's office nor the dentist's office is a permitted

home occupation under the code as currently in force and that the use of the addition as a chiropractor's office was a legal nonconforming use under the ordinance.

Section 37—5.2—8 of the zoning ordinance also provides:

> "The nonconforming use of land, not involving a structure or building, or in connection with any building or structure thereon, is incidental or accessory to the principal use of the land, may be continued subject to the following:
>
> * * *
>
> c. The nonconforming use of land shall not be changed to any other use except to a use permitted in the district in which the land is located." Du Page County Zoning Ordinance §37—5.2—8 (19___).

At the administrative hearing, Dr. Gilmore testified that he had had dental equipment installed in his office in July and started seeing patients as of October 14, 1988. He was not yet busy enough to have established a regular schedule, but, as his primary occupation was as a professor at Northwestern University's Dental School, he planned to see patients at his home office from about 6 p.m. to 8 p.m. on some weekdays and from about 9 a.m. to 2 p.m. on Saturdays. At the time of the hearing his office consisted of a reception room, an operatory with a dental chair and other equipment, and a laboratory.

Dr. Gilmore contrasted his use of the premises with the previous use by Dr. Kowalkiewicz. The chiropractor's office had taken up the entire addition; the dental office used only about half as much space, 380 square feet, at best. Dr. Kowalkiewicz employed four assistants, could see up to three patients at once, and often had his parking lot filled. At the time of the hearing Dr. and Mrs. Gilmore were the entire dental office staff; although Dr. Gilmore expected to hire a receptionist eventually, he would normally be able to see only one patient at a time, and his parking lot would likely have no more than two patients' cars in it at one time. Dr. Gilmore stated that his office used the same plumbing and electrical work as did the chiropractor's office and that the house electric current was adequate to supply the dental office. Dr. Gilmore admitted that he did not know whether the chiropractor's office had been open evenings and weekends. He stated that he was not allowed to dispense drugs but would be writing prescriptions where appropriate and would administer anesthetics to patients in the course of treatment. He stated that it was possible that he would encounter a medical emergency from a patient's adverse reaction to the anesthetics.

Two of the Gilmores' neighbors, each of whom had lived in the area for over 20 years, testified that Dr. Gilmore moved into the house less than a year after Dr. Kowalkiewicz moved out, that Dr. Gilmore appeared to be seeing fewer patients than had Dr. Kowalkiewicz, and that the presence of Dr. Gilmore's office in the neighborhood had not brought any additional noises or smells and had not in any way made the residence at 2601 Maple Avenue less attractive for the neighborhood. Dr. Gilmore stated that none of his neighbors had objected to his use of the premises for his dental office. The Board received into evidence a letter dated November 16, 1988, from Betty M. Cheever, mayor of the Village of Downers Grove, stating that the plaintiffs' use of the property appeared to be in compliance with the village's regulations regarding home occupations.

Dr. Wayne Jacobson, a dentist who had practiced in his home until recently, testified that he was familiar with the type of dental equipment used by Dr. Gilmore and that such equipment would require installation of special plumbing. He acknowledged, however, that he had not visited Dr. Gilmore's office.

On December 12, 1988, the Board issued its "Findings and Decision Denying Appeal," stating that the Board had met on December 1, 1988, to vote on the Gilmores' appeal and finding, *inter alia,* that after the amendment of July 18, 1980, the chiropractor's office had become a legal nonconforming use, that Dr. Gilmore's equipment was different from that used by the chiropractor, that a dental office and practice are different in nature from a chiropractor's office and practice, and that the dental office currently operated by Dr. Gilmore did not comply with the requirements of the current zoning ordinance for home occupations. The Board concluded that the use of the property for a dental office constituted a change of use under section 37—5.2—8(c) of the zoning ordinance and was therefore illegal without a special use permit. On administrative review the circuit court held that the Board's conclusion that the plaintiffs had substituted one nonconforming use for another and not continued the same nonconforming use was not against the manifest weight of the evidence.

On appeal, the plaintiffs contend primarily that their use of the property for a dentist's office is so similar to the previous use for a chiropractor's office that the Board erred in finding a change of use. The plaintiffs stress not only the similarity between the two types of medical practices but also the evidence that their use of the property is actually less intensive or detrimental to the surrounding area than the previous use. The county and other appellees respond that the Board's interpretation of the ordinance to bar any nonconforming use

of the property other than the specific one in existence at the time of the amendment is entitled to deference, supported by case law, and related to the zoning ordinance's legitimate goal of eliminating nonconforming uses as rapidly as possible, thereby furthering the uniformity that is a primary objective of comprehensive zoning.

The zoning ordinance expressly forbids a change from a lawful nonconforming use to "any other use" not allowed by the ordinance. The issue, therefore, is whether the dentist's office is the same "use" as the chiropractor's office. The ordinance does not appear to define the term "use," but the Board implicitly rejected the plaintiffs' argument that the generic and functional similarity between the two types of offices made the later one a continuation of the earlier one. We cannot say that this interpretation of the ordinance to require identity rather than similarity is improper.

■ The Board's interpretation of the statute that it has been charged with administering is entitled to great deference and will not be overturned by a reviewing court unless it is clearly erroneous, arbitrary or unreasonable. (*Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n* (1983), 95 Ill. 2d 142, 152; *Rodgers v. Department of Employment Security* (1989), 186 Ill. App. 3d 194, 198.) The Board's insistence on identity (or something very near identity) rather than similarity of use is adequately supported by precedent. In *Wechter v. Board of Appeals* (1954), 3 Ill. 2d 13, the supreme court upheld a determination of the Zoning Board of Appeals of Cook County that the plaintiff's use of his premises for the business of spraying paint and protective coatings onto materials manufactured elsewhere was a change from the prior nonconforming use of the premises for tinsmith and woodworking shops. The court, without relying for this holding on the relative impacts of the old and new uses on the surrounding area, reasoned "[t]he fact that both might be generically described as 'manufacturing' does not make them identical for present purposes. It is the particular use, and not its general classification, that is contemplated by the ordinance." (3 Ill. 2d at 15.) The Board in the present case has given a similar ordinance a similarly narrow interpretation. Although the zoning ordinance could have been written to allow a lawful nonconforming use to be replaced by a similar or higher use, there is no requirement that it be so written or that the Board interpret the ordinance any more broadly than it has. See *Orsolini v. Zoning Board of Appeals* (1978), 58 Ill. App. 3d 435, 437; 101A C.J.S. *Zoning & Land Planning* §165 (1979) (and cases cited therein).

■ We cannot conclude that the Board's strict construction of the zoning ordinance is clearly erroneous, arbitrary or unreasonable. The

type of zoning restriction involved here, the limitation of home occupations in single-family districts, is a valid exercise of the police power. (*Skrysak v. Village of Mount Prospect* (1958), 13 Ill. 2d 329.) The narrow scope allowed for such home occupations as nonconforming uses is clearly related to the legitimate goal of eliminating such nonconforming uses as rapidly as possible. The restriction on changing from one nonconforming use to another even where the second use is very similar to the first facilitates the conversion of nonconforming uses to conforming uses, advancing the policy of the zoning ordinance and the homogeneity that is the basic *desideratum* of comprehensive zoning. Because the restriction on changes from one nonconforming use to another is rationally related to bringing the neighborhood into conformity with a valid exercise of the county's zoning power, we also cannot say that the ordinance is unconstitutional as applied to the plaintiffs' property. (*City of Decatur v. Chasteen* (1960), 19 Ill. 2d 204.) We stress that our holding is limited to the issue presented in this appeal: whether the Board properly held that the plaintiffs' use of their property for a dental office was not a lawful nonconforming use under the zoning ordinance. The plaintiffs' possible entitlement to a special use permit or other relief is not involved.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT and GEIGER, JJ., concur.