JEFFRY C. GILMORE *et al.*, Plaintiffs-Appellants, v. VICTOR J. KOWALKIEWICZ *et al.*, Defendants (Cookie Hanson *et al.*, Defendants-Appellees).

Second District  No. 2—91—1303

Opinion filed September 15, 1992.

Kenneth T. Kubiesa, Barbara J. Gosselar, and Harlan J. Spiroff, all of Kubiesa & Power, Ltd., of Westmont, for appellants.

John F. Horvath and Peter A. Nicholson, both of Horvath, Lieber & Quilici, of Chicago, and William D. Lyman, of Bedrava, Lyman & Van Epps, of Oak Brook, for appellees.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

The plaintiffs Jeffry and Esther Gilmore brought an action against defendants Cookie Hanson, Rosalind Hancock and Woodland Realty Company, arising from plaintiffs' purchase of certain property from Dr. Victor Kowalkiewicz and his wife, Mary Ann Kowalkiewicz. Plaintiffs alleged that defendants falsely represented that if the plaintiffs purchased the property, Jeffry Gilmore would be able to use the office addition of the property to conduct his dental practice. The circuit court of Du Page County granted defendants' motion for summary judgment, ruling any misrepresentations made by defendants were misrepresentations of law upon which plaintiffs were not entitled to rely. Plaintiffs contend on appeal that the entry of summary judgment was error because genuine issues of fact exist regarding whether they were entitled to rely on defendants' misrepresentations. We reverse and remand.

In September or October 1987, plaintiffs noticed a "For Sale" sign on the Kowalkiewiczes' home located at 2601 Maple Avenue in unincorporated Downers Grove, Illinois. A different sign on the home indicated that it was also used as Dr. Kowalkiewicz' chiropractic office. After plaintiffs called the telephone number on the for sale sign,

defendant Hanson met the plaintiffs at the residence and showed them the house and office. During this visit, Jeffry Gilmore identified himself as a dentist and told Hanson that he was mainly interested in the office rather than the residential areas of the home. He asked Hanson if he could use the office addition for his dental office. Hanson replied: "You can use it for a dental office," and then gave Jeffry a listing sheet prepared under the supervision of defendant Hancock and distributed through defendant Woodland Realty. The listing sheet described several features of the home's interior, exterior, and amenities. It also contained a list of several in-home businesses, including "dentist," as suggested uses for the office addition.

During a return visit, Hanson pointed out different aspects of the office, comparing how Jeffry Gilmore could use it for his dental practice with how Dr. Kowalkiewicz had used it for his chiropractic practice. During a third visit, Dr. Kowalkiewicz, who had been using the office for his practice since 1972, described to plaintiffs how he used the chiropractic office, how successful his practice was, and how easily plaintiffs could convert the office to accommodate Jeffry's dental practice. At no time during any visits were any questions asked, or any representations made, regarding the specific local zoning laws or legally permitted uses of the property.

In November 1987, plaintiffs and Dr. Kowalkiewicz agreed on the purchase of the property, with the parties successfully closing the deal on December 23, 1987. An attorney was retained by plaintiffs at or near the time the sales contract was executed. However, there is no evidence in the record to indicate the scope of his representation or the exact date when he was retained. We assume the attorney did not research any zoning requirements or laws concerning the use of the property.

Jeffry Gilmore spent the next several months installing his dental equipment and preparing the office for his intended full-time practice. On June 30, 1988, plaintiffs received a notice from the Du Page County Zoning Enforcement office, informing plaintiffs they were operating a dental office on residential property without a variation, in violation of Du Page County Zoning Ordinance §II (19___). Plaintiffs appealed to the county board requesting the board to interpret the ordinance and approve the plaintiffs' use of the office for Jeffry Gilmore's dental practice. The board ruled that after a 1980 amendment Dr. Kowalkiewicz' chiropractic office had become a legal nonconforming use of the property, that Jeffry Gilmore's dental equipment was different from that used by a chiropractor, and that the dental office did not comply with the requirements of the current zoning ordinance

for a home occupation. The board concluded that the use of the property for a dental office constituted a change of use under section 37—5.2—8(c) of the ordinance and was therefore illegal without a special use permit.

On administrative review, the circuit court upheld the board's ruling. On appeal, this court affirmed, upholding the board's ruling that the plaintiffs' use of the property for a dental office was an impermissible nonconforming use under the zoning ordinance. *Gilmore v. County of Du Page* (1991), 209 Ill. App. 3d 66 (hereinafter *Gilmore I*).

The plaintiffs eventually obtained a special use permit, allowing Jeffry Gilmore to use his dental office for 20 hours per week for a period of eight years. Plaintiffs subsequently filed a four-count complaint against defendants and the Kowalkiewiczes arising from events surrounding plaintiffs' purchase of the residence. Plaintiffs eventually dismissed count I, the only count directed against the Kowalkiewiczes. Counts II, III and IV alleged fraud, the violation of section 2 of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*), and negligent misrepresentation against Hanson, Hancock, and Woodland Realty. These counts alleged that the defendant realtors falsely represented that an addition to the home could be used for an in-home dental office, thereby inducing plaintiffs to buy the property.

On October 22, 1991, the trial court conducted a hearing on defendants' motion for summary judgment. The trial court found that the representation that the residence could be used as a dentist's office was a misrepresentation of law. Specifically, the judge stated:

"[T]his is not a case involving using a misrepresentation for rescission of the contract based on the mutual mistake. It's an action concerning monetary damages. Based on this question, I determined this case to be strictly a question of law. That the plaintiff, with its own attorney, didn't have a right to rely on misrepresentation of law of the brokers."

Thus, the trial court granted defendants' motion for summary judgment. Plaintiffs thereafter filed a timely appeal.

The purpose of summary judgment is to determine the presence or absence of triable issues of fact, and in determining whether the moving party is entitled to summary judgment, the pleadings, depositions, admissions, and affidavits should be construed strictly against the movant and liberally in favor of the opponent. (*Smith v. South Shore Hospital* (1989), 187 Ill. App. 3d 847, 853.) A motion for summary judgment must be denied and the resolution of facts and inferences must be made at trial if any facts upon which reasonable per-

sons could disagree are identified, or if inferences leading to different conclusions fairly could be drawn from the facts. (*Diamond Headache Clinic, Ltd. v. Loeber Motors, Inc.* (1988), 172 Ill. App. 3d 364, 370.) On appeal, the court will reverse an order granting summary judgment if it determines that a material question of fact exists and that the moving party is not entitled to a judgment as a matter of law. (*Estate of Kern v. Handelsman* (1983), 115 Ill. App. 3d 789, 794.) However, summary judgment for the defendant is proper if, from the papers on file, the plaintiff fails to establish an element of his cause of action. *Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358.

Plaintiffs contend that a material question of fact exists concerning whether plaintiffs were justified in relying on defendants' statements that Jeffry Gilmore could use the home for his dental office. Defendants contend that their statements that Jeffry Gilmore could use the property for his dental office were representations of law upon which plaintiffs were not justified to rely. They claim that the general rule is that one is not entitled to rely upon a representation of law because both parties are presumed to be equally capable of knowing the law. (*Hamming v. Murphy* (1980), 83 Ill. App. 3d 1130, 1135.) Defendants also contend that plaintiffs were not justified in relying on their representations because plaintiffs had retained an attorney who could have investigated the local zoning ordinances and discovered the property's permitted uses.

In their summary judgment motion and in their brief to this court, defendants primarily rely on *Hamming* and *City of Aurora v. Green* (1984), 126 Ill. App. 3d 684, decisions from this court, as well as *O'Brien v. Noble* (1982), 106 Ill. App. 3d 126, from the Appellate Court, Fourth District. In *Hamming*, one of the sellers advised a buyer of certain real estate that all the zoning "red tape" had been taken care of, thereby permitting the construction of apartments on the subject property. The court held that this could not constitute a fraudulent misrepresentation because it was a representation of law. (*Hamming*, 83 Ill. App. 3d at 1135.) The buyer and seller were presumed to have equal knowledge of the law, so the buyer's reliance on the seller's statement was unjustified. 83 Ill. App. 3d at 1135.

In *City of Aurora*, the sellers allegedly told the buyers that a building was properly zoned for use as five residential units when it was actually located in a two-family residential zone and had been remodeled by the sellers without city approval. This court applied the *Hamming* rationale and concluded that the buyers could not reasonably rely on the seller's representation as the zoning law is a matter of

public record. Thus, the defendants were not liable under the Consumer Fraud Act. *City of Aurora,* 126 Ill. App. 3d at 688-89.

Similarly, in *O'Brien,* plaintiffs asserted that defendants negligently misrepresented, in an advertisement, that "one house" could be built on a five-acre parcel of land for sale. Plaintiffs were subsequently unable to obtain a building permit for a house because of developmental restrictions in a local zoning ordinance. (*O'Brien,* 106 Ill. App. 3d at 127-28.) Applying the *Hamming* rationale, the court stated that "the facts concerning the zoning of the property were a matter of public record and readily available to plaintiffs" and held that defendants were not liable for negligent misrepresentation. 106 Ill. App. 3d at 130.

Plaintiffs in the case at bar rely on three other decisions of this court: *Kinsey v. Scott* (1984), 124 Ill. App. 3d 329, *Tan v. Boyke* (1987), 156 Ill. App. 3d 49, and *Perkins v. Collette* (1989), 179 Ill. App. 3d 852. The defendant in *Kinsey* sold a five-unit building to the plaintiff. Defendant did not inform plaintiff that the fifth apartment had been constructed without a building permit. The court held that defendant's statements that the building was a five-unit building and complied with the applicable building codes were misrepresentations because the building was not lawfully a five-unit building. *Kinsey,* 124 Ill. App. 3d at 336.

The court further concluded that the plaintiff was justified in relying on the misrepresentations. (124 Ill. App. 3d at 338.) In reaching this conclusion, the *Kinsey* court noted that the question is whether, under all the circumstances, plaintiff had a right to rely on the false representations. (124 Ill. App. 3d at 337.) Citing *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286-87, the court stated this question is to be answered while viewing the representations in light of all the facts of which plaintiff had actual knowledge as well as those of which she might have availed herself by the exercise of ordinary prudence. (124 Ill. App. 3d at 337-38.) Applying these principles, the *Kinsey* court stated:

> "Nor do we believe that plaintiff was required under the circumstances here to make an investigation on her own to determine if a building permit had been issued for the construction of the basement apartment or whether that apartment was in violation of the city code. As stated in *Chicago Title & Trust Co. v. First Arlington National Bank* (1983), 118 Ill. App. 3d 401, 409-10, 454 N.E.2d 723, quoting from Prosser, Torts sec. 108, at 718 (4th ed. 1971), ' "[i]t is only where, under the circumstances, the facts should be apparent to one of [plaintiff's]

knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived, that he is required to make an investigation of his own." ' " 124 Ill. App. 3d at 338.

Finally, in *Kinsey*, we distinguished *Hamming* by noting that when the defendant in *Kinsey* represented that the building was a five-unit apartment building, he "was vouching for the proper construction of all five units in his position as builder and owner." (124 Ill. App. 3d at 339.) We determined this to be a misrepresentation of fact even though it was discoverable by reviewing the city building codes and zoning ordinances. 124 Ill. App. 3d at 339.

This court applied the *Kinsey* rationale in *Tan v. Boyke*. In *Tan*, plaintiff purchased two apartment buildings on adjoining lots. One of the buildings contained 35 units; the other contained 31 units. The construction permit for the 35-unit building only authorized defendant to build 31 units in that structure. Additionally, the building permit applications for both lots included the south 60 feet of the lot containing the 31-unit building. Defendant did not tell plaintiff about those discrepancies, which resulted in a greater density of housing units and less available parking than local ordinances permitted. *Tan*, 156 Ill. App. 3d at 52.

As do defendants here, the defendant in *Tan* argued that the misrepresentations were ones of law rather than fact and that the plaintiff did not justifiably rely on the misrepresentation because the plaintiff had the opportunity to discover the true situation herself. (156 Ill. App. 3d at 56.) Addressing whether the plaintiff had the right to rely upon defendant's misrepresentations, the *Tan* court stated:

"It is clear that only a complicated analysis of the plat of survey and the applicable zoning ordinances would have revealed to the plaintiff the irregularities in construction and the resulting illegality of the buildings. Without some indication that the buildings had been improperly or illegally constructed, it is unlikely that a reasonably prudent prospective purchaser would have undertaken so extensive an analysis of the ordinance. *** We conclude the plaintiff reasonably and justifiably relied on the defendant's silence." 156 Ill. App. 3d at 58.

In *Perkins v. Collette*, the defendant, a real estate agent, owned his own parcel of land. He had tried to obtain a building permit from the county, but his request was denied. The plaintiffs, prospective buyers, looked at the parcel and asked defendant if they could build a house on it, to which defendant replied that they could. Plaintiffs paid defendant earnest money on the parcel and additional money toward

the final purchase at closing. Plaintiffs thereafter sought a building permit from the county board. The board told the plaintiffs it had previously denied defendant a building permit and would similarly deny plaintiffs' request. Plaintiffs sued defendant and his agency under section 2 of the Consumer Fraud Act seeking rescission for mistake and money damages for intentional misrepresentation. The trial court dismissed the complaint. *Perkins v. Collette*, 179 Ill. App. 3d at 854-55.

On appeal, we reviewed our prior decisions and stated that the primary factor which distinguishes *Hamming*, *O'Brien* and *City of Aurora* from *Kinsey* and *Tan* is whether the seller's misrepresentations could have been discovered *merely* by reviewing applicable zoning or building ordinances. (179 Ill. App. 3d at 859.) We held that it could not be determined from the allegations of the amended complaint whether plaintiffs could have discovered they would be unable to build a home on the land by merely reviewing the applicable building and zoning ordinances. 179 Ill. App. 3d at 860.

We believe that the *Kinsey*, *Tan*, and *Perkins* rationale should be applied in the present case. The key issue in this line of cases has evolved from a strict misrepresentation of fact versus law dichotomy to whether the misrepresentation could have been discovered *merely* by reviewing the applicable zoning ordinances and building codes.

Prior to 1980, the zoning ordinance in question allowed for several listed "home occupations" in residential districts:

> " '*HOME OCCUPATION*. Any gainful occupation or profession engaged in by the occupant at or from the dwelling. *** Permissible home occupations include but are not limited to the following: art studio; dressmaking; professional offices of a clergyman, lawyer, physician, dentist, architect, engineer, or accountant, when located in a dwelling unit occupied by the same.' Du Page County Zoning Ordinance §II (19___)." *Gilmore*, 209 Ill. App. 3d at 67.

In 1980, the ordinance was amended to limit home occupations permissible in single-family residential districts to those which, *inter alia*, " '[are] operated in [their] entirety within the residence (not any accessory building) and only by the person or persons residing therein,' do not have 'a separate entrance from outside the building,' do not 'exceed three hundred (300) square feet in area,' and do not 'utilize mechanical or electrical equipment other than the type normally found in the single-dwelling unit.' (Du Page County Zoning Ordinance §II (amend. 1980).)" (*Gilmore*, 209 Ill. App. 3d at 67.) Regarding possible legal nonconforming uses, section 37—5.2—8 of the amended ordinance provides:

" 'The nonconforming use of land, not involving a structure or building, or in connection with any building or structure thereon, is incidental or accessory to the principal use of the land, may be continued subject to the following:

* * *

c. The nonconforming use of land shall not be changed to any other use except to a use permitted in the district in which the land is located.' Du Page County Zoning Ordinance §37—5.2—8 (19___)." *Gilmore*, 209 Ill. App. 3d at 68.

The issue, as expressed in *Gilmore I*, was whether the dentist's office is the same "use" as the chiropractor's office. However, we noted that the ordinance as amended does not define the term "use." (209 Ill. App. 3d at 70.) Given the vague nature of the ordinance as amended, the plaintiffs here could not have discovered, by merely reviewing these provisions, whether they could lawfully use the residence for a dental practice. In fact, the record indicates that the county board itself deliberated for nearly a month to interpret the ordinance. After receiving the violation notice, plaintiffs appealed to the board seeking a ruling that plaintiffs' intended use of the premises for a dental practice was allowable under the ordinance.

■ The board held a hearing on plaintiffs' appeal on November 17, 1988, met to vote on the appeal two weeks later, and issued its findings denying plaintiffs' appeal on December 12, 1988. This deliberate manner in which the board interpreted its own ordinance supports plaintiffs' contention that the defendant realtors' misrepresentations could not have been discovered merely by reviewing the zoning ordinance. (*Perkins*, 179 Ill. App. 3d at 859.) Consequently, applying the *Perkins* test, we find plaintiffs justifiably relied on defendants' misrepresentation that plaintiffs could use the premises for Jeffry Gilmore's dental office.

■ We are not persuaded by defendants' argument that plaintiffs could not justifiably rely on defendants' statements because the plaintiffs retained an attorney. There is no evidence that plaintiffs hired the attorney to investigate the zoning ordinance or that he was retained in time to modify the sales contract. Further, we know of no authority that would impose the duty to investigate the zoning ordinance on an attorney hired merely to represent a buyer in a residential real estate closing. Even if plaintiffs' attorney had conducted such investigation in this case, defendants' argument would still fail. As stated previously, whether the property could be used as a dental office was not ascertainable by merely reviewing the ordinance.

Accordingly, the order of the circuit court of Du Page County granting summary judgment as to counts II, III, and IV of plaintiffs' complaint is reversed and the cause remanded for further proceedings.

Reversed and remanded.

McLAREN and DUNN, JJ., concur.