No. 2--02--0145

IN THE 

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT 

DEAN CAPICCIONI and MAJEL ) Appeal from the Circuit Court 

CAPICCIONI, ) of Du Page County.

)

Plaintiffs-Appellants, ) 

) 

v. ) 
No. 01--AR--1450
 

) 

BRENNAN NAPERVILLE, INC., ) 

d/b/a Remax Naperville, and )

SHARON CLERMONT, ) 
Honorable

) Richard A. Lucas,

Defendants-Appellees. ) Judge, Presiding.

JUSTICE CALLUM delivered the opinion of the court:

Plaintiffs, Dean and Majel Capiccioni, sued defendants, Brennan Naperville, Inc. (Brennan), and Sharon Clermont, asserting claims under the Real Estate License Act of 2000 (Real Estate License Act) (225 ILCS 454/1--1 
et
 
seq.
 (West 2000)), the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 
et
 
seq.
 (West 2000)), common-law fraud, and negligent misrepresentation arising out of their purchase of a home.  The trial court granted defendants' motion to dismiss (735 ILCS 5/2--615 (West 2000)) and found no just reason to delay enforcement or appeal of its order.  155 Ill. 2d R. 304(a).  Plaintiffs appeal.  We affirm in part, reverse in part, and remand the cause.

I.  BACKGROUND

In 1998, plaintiffs moved from Ohio to Illinois and purchased a home in Bolingbrook.  Brennan, a residential real estate brokerage company, and Clermont, a licensed real estate broker and
 
one of Brennan's agents, represented
 
the
 
Bolingbrook property's
 sellers.  Defendants' sales brochure for the Bolingbrook property listed as one of the home's features: "Acclaimed [school] District 204."   Plaintiffs moved into the home, and their three children attended school in District 204 for three years.  However, the children were unable to attend District 204 classes during the 2001-2002 academic year after plaintiffs discovered that their property was actually located in District 365-U.  Plaintiffs subsequently sold the property and purchased another home.  The new home was located in District 204.

On June 15, 2001, plaintiffs sued defendants.  In their amended four-count complaint, plaintiffs asserted claims of 
common-law fraud, negligent misrepresentation,
 and violations of the Consumer Fraud Act and the Real Estate License Act.  

In their Real Estate License Act count, plaintiffs alleged that Clermont's
 
communications that the property was located in District 204 were false, untruthful, and misleading because, at all times, the property was located within District 365-U.  Plaintiffs further alleged that the information did not come from the sellers because they had no children.  The information was material because it was one of the major reasons plaintiffs purchased the property, and they would not have purchased it if they had known otherwise.  Plaintiffs asserted that they were damaged as a result of Clermont's misleading representation because they purchased a home that they would not have otherwise purchased; they paid more for the property than it was worth; the property did not appreciate as much as it would have if it were within the boundaries of District 204; and they had to pay expenses associated with purchasing a new home.

In their Consumer Fraud Act count, plaintiffs additionally alleged that Clermont failed to check with any school districts or their employees regarding the home's school district.  They further alleged that a property's school district is not a matter of public record.  Plaintiffs asserted that, prior to their purchase, they conferred with District 204 employees and were informed that the property was located within District 204's boundaries.

Plaintiffs pleaded in their common-law
 
fraud count that they relied upon Clermont's representations and that Clermont's statements were made with knowledge that the information was untrue or with reckless disregard of the truth.  They asserted that it is widely known in the real estate industry that considerable misinformation exists regarding school district boundaries in Bolingbrook.  Further, Clermont took no action to determine which district the property was located in, other than reviewing listings from previous sales.  Clermont did not consult with District 204 employees, and she intended that plaintiffs rely on her claims.  Plaintiffs reasonably relied on the false representations; they took reasonable steps to confirm Clermont's information and found no contradictory information.

In their negligent misrepresentation count, plaintiffs alleged that defendants owed a duty to them to use due care in obtaining and communicating information that they knew plaintiffs would rely upon in deciding whether to purchase the property.  Further, defendants were negligent in marketing the property as located in District 204 when considerable misinformation exists about the area's district boundaries.  Plaintiffs further alleged that Clermont intended that plaintiffs rely on her claims and plaintiffs reasonably relied on such.

On December 7, 2001, defendants moved to dismiss the complaint, arguing that plaintiffs' admission that they spoke to District 204 employees undermined their allegations that defendants knew or should have known that the property was not located in District 204 or that plaintiffs relied on defendants' representations.  Further, defendants argued that plaintiffs did not adequately plead that defendants' actions proximately caused them damages.  
With respect to the Consumer Fraud Act count,
 defendants asserted that no liability can be found where the misrepresentations are discoverable by plaintiffs through the exercise of ordinary care.  Rather, defendants must misrepresent facts of which they possess almost exclusive knowledge and the truth or falsity must not be readily ascertainable by plaintiffs.  On the common-law fraud count, defendants responded that a misrepresentation concerning a matter of public knowledge could not support a cause of action against a realtor for common-law fraud.  Moreover, given that plaintiffs independently confirmed the District 204 boundaries prior to the sale, they could not establish that they reasonably relied upon defendants' advertisement or that defendants proximately caused them damages.

Defendants further argued that plaintiffs did not adequately plead negligent misrepresentation because they did not plead any facts to support their claim that defendants knew or should have known that the property was not located within District 204.  Moreover, even if defendants should have known about the true boundary, representations that concern matters of public knowledge cannot serve as the basis of a misrepresentation claim against a realtor in connection with the purchase or sale of real estate.  Finally, because plaintiffs received essentially the same information from the District's employees prior to purchase, they did not plead the reliance element 
adequately
 to sustain the claim.

With respect to the Real Estate License Act claim, defendants responded that there is no reasonable basis to infer that defendants knew of the boundaries, where the school district itself was not aware of them.

On February 1, 2002, the trial court dismissed plaintiffs' amended complaint with prejudice.  Plaintiffs appeal.

II.  ANALYSIS

A. Standard of Review

A motion to dismiss under section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615 (West 2000)) challenges only the legal sufficiency of the complaint.  
Jarvis v. South Oak Dodge, Inc.
, 201 Ill. 2d 81, 85 (2002).  The critical inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted.  In making this determination, all well-pleaded facts in the complaint must be taken as true.  
Jarvis
, 201 Ill. 2d at 86.  We review 
de
 
novo
 an order granting a section 2--615 motion to dismiss.  
Raintree Homes, Inc. v. Village of Long Grove
, 335 Ill. App. 3d 317, 319 (2002).

B.  Common-Law Fraud

Plaintiffs argue that they adequately pleaded common-law fraud.  They alleged that defendants made an affirmative misrepresentation of a fact in their sales brochure and that plaintiffs justifiably relied on defendants' representation, notwithstanding the existence of any public records that would disclose the truth. 

The elements of common-law fraud are: (1) a false statement of a material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement.  
Connick v. Suzuki Motor Co.
, 174 Ill. 2d 482, 496 (1996).

We conclude that plaintiffs pleaded no facts supporting their allegation that defendants knew that the statements about the school district were false.  Because this failure is fatal to plaintiffs' common-law fraud claim, we do not address the other elements.  Plaintiffs alleged in conclusory fashion that Clermont's statements were made with knowledge that the information was untrue.  They also asserted that it is widely known in the real estate industry that considerable misinformation exists about school district boundaries in Bolingbrook and that Clermont took no action to determine which district the property was located in, other than reviewing prior listings from previous sales.  Plaintiffs' allegations regarding the misinformation about Bolingbrook school districts are not facts from which a trier of fact could conclude that defendants knew that their statements were false.  
Estate of Johnson v. Condell Memorial Hospital
, 119 Ill. 2d 496, 509-10 (1988) (legal conclusions unsupported by allegations of specific facts are insufficient to state a cause of action)
.  We thus affirm the trial court's ruling with respect to plaintiffs' common-law fraud count.

C.  Consumer Fraud Act

Plaintiffs next argue that they adequately pleaded a violation of the Consumer Fraud Act.  We agree.

The elements of a claim under the Consumer Fraud Act are: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade and commerce; and (4) actual damage to the plaintiff (5) proximately caused by the deception.  
Oliveira v. Amoco Oil Co.
, 201 Ill. 2d 134, 149 (2002).  A plaintiff alleging a violation of the Consumer Fraud Act does not have to show actual reliance on the deceptive act or that the defendant committed the deceptive act in bad faith.  
Randels v. Best Real Estate, Inc.
, 243 Ill. App. 3d 801, 805 (1993).  A defendant need not have intended to deceive the plaintiff; innocent misrepresentations or omissions intended to induce the plaintiff's reliance are actionable under the statute.  
Miller v. William Chevrolet/GEO, Inc.
, 326 Ill. App. 3d 642, 655 (2001).  Generally, a deceptive representation or omission of law does not constitute a violation of the Consumer Fraud Act because both parties are presumed to be equally capable of knowing and interpreting the law.  
Randels
, 243 Ill. App. 3d at 805.  

We address first defendants' argument that the Consumer Fraud Act has only limited application to realtors.  They point to section 10b(4), which reads as follows:

"§10b.  Nothing in this Act shall apply to any of the following:

* * *

(4) The communication of any false, misleading or deceptive information, 
provided by the seller of real estate located in Illinois
, by a real estate salesman or broker licensed under 'The Real Estate Brokers License Act', unless the salesman or broker knows of the false, misleading or deceptive character of such information.  This provision shall be effective as to any communication, whenever occurring."  (Emphasis added.)  815 ILCS 505/10b(4) (West 2000).

Defendants suggest that there can be no reasonable inference that they knew of the false, misleading, or deceptive character of the information, where plaintiffs admitted that school district employees informed them that the Bolingbrook property was within District 204.

We reject defendants' argument.  The section 10b(4) exception relates to information provided by the seller of the property.  
Kleczek v. Jorgensen
, 328 Ill. App. 3d 1012, 1019 (2002) ("Section 10b(4) applies only to innocent misrepresentations by a real-estate professional to a prospective buyer, when the only person who knows of the falsity is the seller, who gave the information to the real-estate professional").  Here, plaintiffs alleged in all of their counts that Clermont’s information did not come from the sellers.  Thus, defendants' argument fails.

1.  
Deceptive Act or Practice
 

Plaintiffs first contend that they adequately pleaded that defendants misrepresented a material fact in their sales brochure.  They assert that the reference to District 204 did not constitute a reference to an issue of law.  Alternatively, if it did, school district boundaries are different from ordinances and statutes.

Generally, one is not entitled to rely upon a representation of law because both parties are presumed to be equally capable of knowing the law.  
Hamming v. Murphy
, 83 Ill. App. 3d 1130, 1135 (1980).  However, the inquiry has "evolved from a strict misrepresentation of fact versus law dichotomy."  
Gilmore v. Kowalkiewicz
, 234 Ill. App. 3d 522, 529 (1992).  The appropriate test is whether the misrepresentation could have been discovered "merely" by reviewing the applicable law.  
Gilmore
, 234 Ill. App. 3d at 529; 
cf.
 
Miller
, 326 Ill. App. 3d at 656 (Consumer Fraud Act eliminates the requirement of plaintiff's diligence in ascertaining the accuracy of misrepresentations).

In 
Gilmore
, the plaintiffs purchased a home with an office addition.  The homeowners had operated a chiropractic practice from the addition.  The plaintiffs inquired with the realtors as to whether the addition could be used for a dental practice.  The realtors answered in the affirmative and provided the plaintiffs with a listing sheet that listed a "dentist" as a suggested use for the office addition.  
Gilmore
, 234 Ill. App. 3d at 524.  The plaintiffs purchased the property and operated a dental practice from the addition.  They subsequently learned that they were in violation of a zoning ordinance, and they eventually had to obtain a special use permit to continue to utilize the space as a dental practice.  The plaintiffs sued the former homeowners and their realtors, alleging that the realtors falsely represented that the addition could be used as a dental office, thereby inducing the plaintiffs to purchase the property.  The trial court granted the defendants' motion for summary judgment.  This court reversed and remanded the cause, finding the ordinance vague because it did not define what constituted a permitted "use." 
 
Gilmore
, 234 Ill. App. 3d at 530.  We concluded that the plaintiffs could not have discovered whether they could lawfully use the premises as a dental office by merely reviewing the ordinance.  This court pointed to the county board's one-month-long deliberation to interpret the ordinance.  We also concluded that the plaintiffs justifiably relied on the defendants' misrepresentation that the plaintiffs could use the premises for a dental office.

In 
Randels
, the property at issue was a residence with a septic system.  A local ordinance mandated the hookup of residential sewer systems with municipal sewers at the property owner's expense.  The plaintiffs, one of whom was a licensed real estate agent, purchased the property, unaware of the ordinance and hookup requirement.  The sellers, their broker, and its agent were aware of the requirement, but made no representations to the plaintiffs.  The plaintiffs testified that they made no inquiries about the septic system or municipal sewers.  They subsequently learned of the ordinance and paid a contractor to hook up the property's sewer system to the village sewer system.  The plaintiffs sued the sellers, the agent, and the broker, alleging common-law fraud and violations of the Consumer Fraud Act.  The trial court entered judgment for the defendants.   This court stated that the key question is "whether a defendant's misrepresentations or omissions were discoverable through the exercise of ordinary prudence by the plaintiff."  
Randels
, 243 Ill. App. 3d at 807.  We affirmed, finding that the ordinance was a matter of public knowledge and that it plainly set out the circumstances under which property owners were required to hook up to public sewers.  We noted that the plaintiffs were aware of the septic system and that a simple review of the applicable ordinances would have put the plaintiffs on notice of the hookup requirement.  We also noted that one of the plaintiffs was an agent who showed the property to herself and the other plaintiff; that a computer listing stated that city sewers were available and that a related assessment was possible; and that the plaintiffs did not inquire about the septic system, sewer availability, or possible assessments.  We concluded that the defendants' failure to disclose the ordinance was an omission of law readily discoverable by the plaintiffs and thus did not violate the Consumer Fraud Act
 or constitute common-law fraud
.

Here, plaintiffs first argue that 
Randels
 is distinguishable because it involves an omission, not an affirmative misrepresentation.  They also attempt to distinguish 
Randels
 by arguing that the ordinary prudence test stated therein is merely 
dicta
.  We reject both arguments.  We do not read 
Randels
 as making any qualifications, explicit or implicit, about the ordinary prudence analysis or its application thereof.  In fact, 
Randels
 states that the test applies to misrepresentations or omissions.  
Randels
, 243 Ill. App. 3d at 807.  We reject plaintiffs’ argument that the statement is 
dicta
 because the court specifically relied on that test in determining the outcome.

Plaintiffs next argue that school district boundaries are not laws because they are not as easily accessible or ascertainable as ordinances and similar enactments.  Plaintiffs contend that they were relatively inexperienced in real estate matters and shopped from out of state for a home.  They were unaware of where to look up school district boundaries and trusted defendants, who advertised the Bolingbrook property as located in "Acclaimed District 204."

In their amended complaint, plaintiffs alleged that a property's school district is not a matter of public record.  However, section 3--14.18 of the School Code provides that one of the duties of the regional superintendent of schools is "[t]o keep in his office a map of his county on a scale of not less than two inches to the mile and to indicate thereon the boundary lines and numbers of all school districts."  105 ILCS 5/3--14.18 (West 2000).  Plaintiffs alleged that they took reasonable steps to confirm Clermont's information by speaking to District 204 employees, who, they later discovered, misinformed them of the district boundaries and erroneously enrolled their children in District 204 schools. 
 Based on these pleadings, we cannot conclude that plaintiffs could not establish a set of facts to show that they exercised ordinary prudence in ascertaining the law.  This case is unlike 
Gilmore
, where the ordinance was vague as to what constituted a permitted use.  It is also unlike 
Randels
, where the relatively sophisticated plaintiffs made no inquiries at all about the sewers and where a computer listing noted that city sewers were available.  Here,  plaintiffs alleged that they contacted District 204 employees, who misinformed them of their property’s school district.  Based on these pleadings, we cannot conclude that no set of facts exists to establish that plaintiffs exercised reasonable prudence in ascertaining the law.

2. 
Defendants' Intent That Plaintiffs Rely

We conclude that plaintiffs set forth sufficient facts to show that defendants intended that plaintiffs rely upon their representations.  Plaintiffs alleged that the "Acclaimed District 204" statement was included in a sales brochure for the Bolingbrook property.  Given the nature of this communication,  plaintiffs adequately pleaded this element.   

3. 
Course of Conduct Involving Trade and Commerce

Plaintiffs properly pleaded that the misrepresentation occurred in the course of conduct involving trade and commerce.  They alleged that defendants represented the Bolingbrook property's sellers and that they made their representations in the course of selling the property.

4.  
Damages

We conclude that plaintiffs adequately pleaded that they suffered damages, in that they alleged that they purchased a home that they would not have otherwise purchased; they paid more for the property than it was worth; the property did not appreciate as much as one in District 204; and they paid moving-related expenses associated with the purchase.  

5. 
Proximate Cause

Defendants contend that plaintiffs did not adequately plead proximate cause.  They argue that plaintiffs’ admission that District 204 employees confirmed that the Bolingbrook property was within its boundaries makes plaintiffs unable to plead that the single reference to District 204 in their sales brochure proximately caused plaintiffs’ damages.  We disagree.

Proximate cause means any cause which, in natural or probable sequence, produced the injury complained of.  It need not be the sole cause or the last or nearest cause.  
Shannon v. Boise Cascade
, 336 Ill. App. 3d 533, 543 (2003)
.  The requirement of an allegation of proximate cause in a pleading has been termed "minimal" because the determination is best left to the trier of fact.  
Connick
, 174 Ill. 2d at 504 (where plaintiffs alleged that their purchases occurred after defendants’ allegedly fraudulent statements, and where the complaint contained no facts showing an intervening cause that would break the causal chain of proximate causation, plaintiffs adequately alleged proximate cause under the Consumer Fraud Act).  Here, plaintiffs alleged in all of their counts that they purchased the home based on defendants’ misrepresentations regarding the home’s location in District 204; that they paid more for the home than it was worth; and that they would not have purchased it if they had known otherwise.  We are not convinced by defendants' assertion that plaintiffs' admission that they spoke with District 204 employees prior to their purchase somehow breaks the causal chain.  We note that there can be more than one proximate cause contributing to any one injury.  
D.C. v. S.A.
, 178 Ill. 2d 551, 564 (1997).  We cannot conclude that plaintiffs have not adequately pleaded proximate causation.

D.  Negligent Misrepresentation

Plaintiffs next argue that they adequately pleaded a claim of negligent misrepresentation.  We agree.

Negligent misrepresentation consists of: (1) a false statement of a material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance when the party making the statement is under a duty to communicate accurate information.  
Fox Associates, Inc. v. Robert Half International, Inc.
, 334 Ill. App. 3d 90, 94 (2002).   

This court has indicated that 
negligent
 misrepresentations of material fact made by a realtor "could well be the basis" for a negligent misrepresentation claim.  
Buzzard v. Bolger
, 117 Ill. App. 3d 887, 891 (1983) (assuming without deciding).  

In 
Richmond v. Blair
, 142 Ill. App. 3d 251, 256 (1985), the Appellate Court, First District, decided that such an action can be brought against a realtor.  In 
Richmond
, the plaintiff toured a home with the sellers' real estate broker.  The broker informed the plaintiff that the house had experienced water leakage in the basement.  When the plaintiff requested assurance that the problem had been fixed, the broker assured her that the home was completely free of water leaks or seepage.  The plaintiff purchased the home, and it subsequently flooded.  She sued the broker and her employer alleging, 
inter
 
alia
, negligent misrepresentation.  The trial court granted the defendants' motion to dismiss, and the appellate court reversed and remanded the cause, finding that the plaintiff adequately pleaded the required elements of negligent misrepresentation.  The plaintiff alleged that the broker owed to her a duty to be knowledgeable and accurate in her representations about the property; that the broker breached her duty by negligently making statements about the basement without actual knowledge about their truth or falsity; and that the broker's breach proximately caused the plaintiff's injuries.

Both 
Buzzard
 and
 
Richmond
 rely on the supreme court's decision in 
Sawyer Realty Group, Inc. v. Jarvis Corp.
, 89 Ill. 2d 379, 386 (1982), wherein the court held that realtors occupy a position of trust with respect to prospective buyers and that they owe to them a duty to exercise good faith in their dealings with them, even absent an agency relationship between the parties. 
  

Given that we determined above that plaintiffs adequately pleaded a false statement of a material fact under the Consumer Fraud Act, we conclude that plaintiffs adequately pleaded the first element of negligent misrepresentation.  
With respect to the second element, plaintiffs alleged in their negligent misrepresentation count that defendants owed to them a duty to use due care in obtaining and communicating information that they knew plaintiffs would rely upon in deciding to purchase the Bolingbrook property; that defendants breached this duty and were negligent in marketing the property as being located in District 204 when it was widely known in the real estate industry that misinformation exists about Bolingbrook school district boundaries; and that Clermont took no action to determine the property’s school district.
  We conclude that plaintiffs properly pleaded negligence.

With respect to the third element--intent--we conclude, as we discussed above, that plaintiffs adequately pleaded this element.  They alleged that defendants made the representations in an advertising brochure in the course of selling the Bolingbrook property.

We next address the reliance elements.  Plaintiffs contend that they adequately pleaded reliance, where they alleged that they relied on Clermont’s false representations and took reasonable steps to confirm the information by contacting District 204 employees.

In the common-law fraud context, the plaintiff's reliance must be justified, 
i.e.
, the plaintiff must have had a right to rely.  
Salisbury v. Chapman Realty
, 124 Ill. App. 3d 1057, 1062 (1984).  The same requirement applies for a negligent misrepresentation claim.  See 
Prime Leasing, Inc. v. Kendig
, 332 Ill. App. 3d 300, 311 (2002) (the elements of a negligent misrepresentation claim are essentially the same as those for common-law fraud, except that the defendant need not know or believe the statement to be false; instead, the plaintiff need allege only
 that the defendant was negligent or careless in ascertaining the truth of the statement).  A party is not justified in relying on representations when he or she had ample opportunity to ascertain the truth of the representations before acting.  
Salisbury
, 124 Ill. App. 3d at 1063.  

In 
Salisbury
, the plaintiffs purchased real estate from the defendants.  The defendants had purchased the real estate via four mortgage loans that were still outstanding at the time of the sale to the plaintiffs.  The plaintiffs purchased the properties on installment contracts.  Some of the plaintiffs were not informed about the mortgages; others were not informed of the amount of the loans or the extent of the defendants' indebtedness.  The plaintiffs made payments on the contracts, but the defendants failed to pay the mortgages and the lender foreclosed on the properties.  The plaintiffs sued the defendants for common-law fraud.  The trial court granted the defendants' motion to dismiss.  The Appellate Court, Third District, reversed and remanded on this issue, finding that the question of whether the plaintiffs had a right to rely on the defendants' silence regarding the mortgages "must be answered in light of all of the facts of which the plaintiffs had actual knowledge as well as those which they might have discovered by the exercise of ordinary prudence."  
Salisbury
, 124 Ill. App. 3d at 1063.  Because this raised substantial questions of fact, the court stated that it could not conclude, based on the pleadings, that the plaintiffs could not prove any set of facts to demonstrate reasonable reliance.

Here, we similarly conclude that the facts in plaintiffs' amended complaint indicate that plaintiffs would have been entitled to rely on defendants' alleged misrepresentations.  Plaintiffs alleged that District 204 employees confirmed that their property was located in the district, and plaintiffs' children were permitted to enroll in District 204 schools for several years.  Based on these allegations, we cannot conclude that plaintiffs could not prove a set of facts to establish reasonable reliance.  Although plaintiffs’ allegations regarding their discussions with school district employees might establish that they did not exclusively rely upon defendants’ representations, we cannot conclude, based on the pleadings, that the discussions completely undermine their reliance argument.

Finally, we conclude that plaintiffs properly pleaded damages.  They alleged that they were damaged as a direct result of defendants' negligence, in that they purchased a home they would not have otherwise purchased; they paid more for the property than it was worth; the property did not appreciate as much as if it were within the boundaries of District 204; and they paid moving-related expenses associated with the purchase.  

For these reasons, we conclude that the trial court erred in granting defendants' motion to dismiss on plaintiffs negligent misrepresentation count.

E. Real Estate License Act

Plaintiffs next assert that they adequately pleaded a violation of the Real Estate License Act.  We agree.

Section 15--25(a) of the Real Estate License Act reads as follows:

"(a) 
Licensees shall treat all customers honestly and shall not negligently or knowingly give them false information
.  A licensee engaged by a seller client shall timely disclose to customers who are prospective buyers all latent material adverse facts pertaining to the physical condition of the property that are actually known by the licensee and that could not be discovered by a reasonably diligent inspection of the property by the customer.  A licensee shall not be liable to a customer for providing false information to the customer if the false information was provided to the licensee by the licensee's client and the licensee did not have actual knowledge that the information was false.  No cause of action shall arise on behalf of any person against a licensee for revealing information in compliance with this Section."  (Emphasis added.)  225 ILCS 454/15--25(a) (West 2000).

Section 15--5(c) of the Real Estate License Act provides:

"(c) This Article 15 may serve as a basis for private rights of action and defenses by sellers, buyers, landlords, tenants, real estate brokers, and real estate salespersons.  The private rights of action, however, do not extend to the provisions of any other Articles of this Act."  225 ILCS 454/15--5 (West 2000).

Plaintiffs' amended complaint alleged that Clermont's communications about District 204 were false, untruthful, and inherently misleading.  They further alleged that the information  did not come from the seller and that the seller had no knowledge about the school district because, upon information and belief, he had no children and he did not expect to have any.  Clermont's communication was material to plaintiffs; it was one of the major reasons they purchased the property; and they would not have purchased the property if they had known otherwise.  Plaintiffs further alleged that they had no reason to believe that Clermont's information was false and that Brennan is responsible for any negligence by its agents.

Defendants contend that plaintiffs erroneously rely on the first sentence of section 15--25(a).  They assert that the second and third sentences of that section render plaintiffs' pleadings insufficient to state a cause of action.  Defendants argue that a school district boundary is not a fact "pertaining to the physical condition of the property."  225 ILCS 454/15--25(a) (West 2000).  While we agree with defendants that a school district boundary does not pertain to a property's physical condition, we disagree with defendants' implicit assertion that the first sentence of section 15--25(a) is modified by the second sentence.  The first sentence 
of section 15--25(a)
 sets forth a licensee's general duty to refrain from providing false information to his or her customers.  The second sentence of the provision imposes a disclosure obligation on licensees when there exist certain facts about a property's physical condition.  The third sentence provides a safe harbor to licensees in cases where a customer provides false information and where the licensee has no knowledge about its falsity.  Based on our reading, the duty to refrain from giving false information to customers relates to all information and not only to information relating to the property's physical condition.  If we adopted defendants' interpretation of section 15--25(a), we would render the first sentence superfluous, which we cannot do.  
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990).  

We conclude that plaintiffs adequately pleaded a claim under section 15--25(a) of the Real Estate License Act.  They alleged that Clermont provided them false information; that the information did not come from the seller; that the information was material to them; and that they were damaged by Clermont's false representation, in that they paid more for the home and subsequently had to relocate into District 204.

F. Summary

In sum, we affirm the trial court’s grant of defendants’ motion to dismiss on plaintiffs’ common-law fraud count.  We reverse and remand the cause for further proceedings with respect to plaintiffs' Consumer Fraud Act, negligent misrepresentation, and Real Estate License Act counts.

Affirmed in part and reversed in part; cause remanded.

KAPALA and GILLERAN JOHNSON, JJ., concur.