Docket No. 91354–Agenda 19–January 2002.

RICHARD JARVIS 
et al.
, Appellees, v. SOUTH OAK DODGE,

 INC., 
et al.
 (Gold Key Lease, Inc., Appellant).

Opinion filed June 20, 2002.

JUSTICE FITZGERALD delivered the opinion of the court:

In this consumer fraud case, we examine the relationship between Illinois’ Motor Vehicle Leasing Act (Leasing Act) (815 ILCS 636/1 
et seq.
 (West 2000)) and the federal Truth in Lending Act (TILA) (15 U.S.C. §1601 
et seq.
 (2000)). The question we consider is whether the holder of a consumer lease is subject to state law claims for misrepresentations made by the lessor to the consumer that are not apparent on the face of the lease. We answer this question in the negative.

BACKGROUND

In June 1997, plaintiffs, Richard and Christine Jarvis, leased a 1997 Dodge Stratus from defendant South Oak Dodge, Inc. (dealer). The lease identified the dealer as the “lessor” and defendant Gold Key Lease, Inc. (Gold Key) as the “holder” of the lease. In accordance with the mandatory notice provision contained in section 70 of the Leasing Act, the lease provided, in bold-faced type, that any holder of the lease “is subject to all claims and defenses which (1) the lessee could assert against the lessor *** and (2) are apparent on the face of the consumer lease.” See 815 ILCS 636/70 (West 2000).

In October 1998, plaintiffs filed a complaint against both defendants in the circuit court of Du Page County.
(footnote: 1) In their amended complaint, filed the following year, plaintiffs claimed that the dealer’s salesman fraudulently induced plaintiffs to enter into the lease by making certain oral misrepresentations. Plaintiffs alleged that the dealer’s salesman falsely advised them that, immediately upon execution of the lease, plaintiffs could pay off the lease and purchase the vehicle at a certain price.

In counts I and II of the amended complaint, plaintiffs claimed that defendants violated the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et seq.
 (West 2000)), and committed common law fraud, respectively. In count III, directed only against the dealer, plaintiffs sought revocation of their acceptance of the lease. In count IV, which is the subject of this appeal, plaintiffs sought rescission of the lease against Gold Key, “[p]ursuant [t]o Federal Regulation 16 C.F.R. Sec. 433.2.” Plaintiffs claimed that, under this federal regulation, the holder of a consumer lease is subject to 
all
 claims and defenses which the lessee could assert against the lessor, and that Gold Key was thus subject to a claim for rescission based on the misrepresentations of the dealer/lessor.

Gold Key filed a motion to dismiss under section 2–615 of the Code of Civil Procedure (Code) (735 ILCS 5/2–615 (West 2000)). With respect to count IV, Gold Key argued that, based on the statutory notice provision in the lease, it was subject to claims which plaintiffs could assert against the dealer, 
only if
 such claims were “apparent on the face” of the lease. Gold Key maintained that plaintiffs’ claim for rescission, based on alleged oral misrepresentations made by the dealer’s salesman, was not a claim apparent on the face of the lease.

The circuit court granted Gold Key’s motion, dismissing count IV with prejudice. The circuit court concluded that the legislature’s use of the conjunctive “and” between the two elements of section 70 of the Leasing Act “necessarily must indicate that the legislature required both listed elements to be met,” and that “the holder of a consumer lease is subject to the claims and defenses which the lessee could assert against the lessor if, and only if, those claims and defenses are apparent on the face of the lease.” The circuit court entered a finding of appealability under Rule 304(a), and plaintiffs appealed. See 155 Ill. 2d R. 304(a). The appellate court reversed the dismissal of count IV. 319 Ill. App. 3d 509.

The appellate court agreed with plaintiffs that the conjunction “and,” between the two elements of section 70, should not be read to limit the liability of the holder of a consumer lease to claims “apparent on the face”of the lease, and that a lessee could pursue whatever remedies were available to lessees prior to the adoption of the Leasing Act. 319 Ill. App. 3d at 516-18. The appellate court concluded, however, that plaintiffs could not seek rescission of the lease based on the federal regulation cited in the amended complaint and remanded the matter to the circuit court to allow plaintiffs an opportunity to replead count IV. 319 Ill. App. 3d at 519-20.

We allowed Gold Key’s petition for leave to appeal (see 177 Ill. 2d R. 315), and now reverse the judgment of the appellate court reversing the dismissal of count IV.

ANALYSIS

A motion to dismiss under section 2–615 of the Code (735 ILCS 5/2–615 (West 2000)) challenges only the legal sufficiency of the complaint. 
Board of Directors of Bloomfield Club Recreation Ass’n v. The Hoffman Group, Inc.
, 186 Ill. 2d 419, 423 (1999). The critical inquiry is whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. 
Board of Directors of Bloomfield Club Recreation Ass’n
, 186 Ill. 2d at 424; 
Connick v. Suzuki Motor Co.
, 174 Ill. 2d 482, 490 (1996). All well-pleaded facts in the complaint must be taken as true, but conclusions of law will not be taken as true, unless supported by specific factual allegations. 
Ziemba v. Mierzwa
, 142 Ill. 2d 42, 47 (1991). We review the dismissal of a complaint under section 2–615 
de novo
. 
Vernon v. Schuster
, 179 Ill. 2d 338, 344 (1997).

Whether the well-pleaded allegations of plaintiffs’ amended complaint are sufficient to withstand Gold Key’s motion to dismiss turns principally on an issue of statutory construction, namely, the proper interpretation of the mandatory notice provision in section 70 of the Leasing Act (815 ILCS 636/70 (West 2000)). Issues of statutory construction are also reviewed 
de novo
. 
In re Estate of Dierkes
, 191 Ill. 2d 326, 330 (2000). Gold Key maintains that the appellate court’s construction of section 70 fails to give effect to the plain language of the Leasing Act and is contrary to this state’s policy against extending consumer disclosure requirements beyond that mandated by federal law. We agree.

The purpose of the Leasing Act, effective January 1, 1997, is to “promote the understanding of vehicle leasing in this State by providing for the disclosure of lease obligations to consumer lessees.” 815 ILCS 636/5 (West 2000). To this end, section 25 of the statute sets forth detailed requirements regarding both the form and content of consumer leases. 815 ILCS 636/25 (West 2000). Among other things, a consumer lease must contain “[a]ll items required to be disclosed by the Consumer Leasing Act [15 U.S.C. §1667 
et seq.
 (2000)].” 815 ILCS 636/25(e)(1) (West 2000). The Consumer Leasing Act, adopted by Congress in 1976 as an amendment to subchapter I of TILA, requires the lessor to provide the consumer certain information, including a statement as to “whether or not the lessee has the option to purchase the leased property and at what price and time.” 15 U.S.C. §1667a(5) (2000). Thus, the dealer’s alleged misrepresentations in this case–that plaintiffs could purchase the vehicle immediately upon execution of the lease and at a specified price–concern details of the lease transaction that must be disclosed under both federal and state law.

Section 70 of the Leasing Act, at issue in this appeal, states:

“No lessor shall take or receive a consumer lease which fails to contain the following provision in at least 10-point, bold-faced type:

‘NOTICE

ANY HOLDER OF THIS CONSUMER LEASE IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH (1) THE LESSEE COULD ASSERT AGAINST THE LESSOR OF THE VEHICLE LEASED PURSUANT HERETO AND (2) ARE APPARENT ON THE FACE OF THE CONSUMER LEASE. RECOVERY BY THE LESSEE SHALL NOT EXCEED AMOUNTS PAID BY THE LESSEE HEREUNDER.’ ”  815 ILCS 636/70 (West 2000).

Section 70 contains two elements which define the claims and defenses to which the holder of a consumer lease is subject. These elements are joined by the word “and.” Generally, use of the conjunctive “and” between two or more statutory elements indicates that the legislature intended that all of the elements must be satisfied in order to comply with the statute.  See 1A N. Singer, Sutherland on Statutory Construction §21:14 (6th ed. 2002); see also 
AFM Messenger Service, Inc. v. Department of Employment Security
, 198 Ill. 2d 380, 397 (2001) (because the three conditions for statutory exemption were phrased in the conjunctive, all three conditions must be satisfied for the exemption to apply).  Thus, giving effect to the word “and” in its ordinary, conjunctive sense means that a claim against the holder must be one that satisfies 
both
 elements of section 70. The claim must be one that “the lessee could assert against the lessor” 
and
 one that is “apparent on the face” of the lease. 815 ILCS 636/70 (West 2000).

This construction of section 70 is consistent with the stated purpose of the Leasing Act: “to promote the understanding of vehicle leasing.” 815 ILCS 636/5 (West 2000). The disclosures required under the statute, including the notice provision of section 70, can only promote understanding of vehicle leasing when the disclosures mean what they say. Construing section 70 to mean something other than what its plain language imports would foster confusion and misunderstanding among consumers, thereby defeating the statute’s purpose.

Moreover, this construction of section 70 is consistent with this state’s policy against extending consumer disclosure requirements beyond that mandated by federal law. As set forth in section 1641(a) of TILA, Congress has precluded assignee liability unless the TILA violation is “apparent on the face” of the assigned documents. 
Taylor v. Quality Hyundai, Inc.
, 150 F.3d 689, 691 (7th Cir. 1998). Section 1641(a) states:

“Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter *** which may be brought against a creditor may be maintained against any assignee of such creditor 
only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement
, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.” (Emphasis added.) 15 U.S.C. §1641(a) (2000).

Although section 1641(a) expressly refers only to assignees of a “creditor,” the Consumer Leasing Act makes section 1641(a) applicable to assignees of a “lessor.” See 15 U.S.C. §1667d (2000) (“For purposes of this section [governing civil liability of lessors], the term ‘creditor’ as used in sections 1640 and 1641 of this title shall include a lessor as defined in this part”).  Accordingly, under federal law, a subsequent holder, 
i.e.
, an assignee, of a consumer lease is liable only for TILA violations “apparent on the face” of the lease.

 In 
Jackson v. South Holland Dodge, Inc.
, 197 Ill. 2d 39 (2001), this court considered whether an assignee who is free from liability under federal law, based on section 1641(a) of TILA, may nonetheless be liable for state consumer fraud claims based on misrepresentations made by the dealer. In 
Jackson
, the plaintiff entered into a retail installment contract with the dealer in connection with the purchase of a vehicle. The dealer subsequently assigned the contract to Chrysler Financial Corporation (Chrysler). The plaintiff brought a class action lawsuit against the dealer and Chrysler, alleging, in relevant part, a violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et seq.
 (West 1994)). The plaintiff claimed that the manner in which the dealer disclosed the price for the extended warranty in the retail installment contract was deceptive and misleading. Chrysler filed a motion to dismiss under section 2–615 of the Code (735 ILCS 5/2–615 (West 1998)), arguing that because the misrepresentation by the dealer was not “apparent on the face” of the assigned document, it could not be held liable. Chrysler maintained that compliance with its obligations under TILA as an assignee–to review the assigned document for irregularities apparent on the face of the document–barred the plaintiff’s state law claim. The trial court agreed with Chrysler, and the appellate court affirmed.

In resolving the issue of Chrysler’s potential liability, we looked to our earlier opinion in 
Lanier v. Associates Finance, Inc.
, 114 Ill. 2d 1 (1986). In 
Lanier
, we held that the creditor’s compliance with the disclosure requirements of TILA was a defense to liability under our consumer fraud statute and for common law misrepresentation. 
Lanier
, 114 Ill. 2d at 11, 18. We held that the same result should obtain in the 
Jackson
 case and affirmed the dismissal of the plaintiff’s consumer fraud claim. 
Jackson
, 197 Ill. 2d at 50. We explained:

“[T]here is no reason why 
Lanier
’s reach should not extend to instances where an assignee is free from liability under federal law because of the TILA exemption in section 1641(a). As we noted in 
Lanier
, there is a consistent policy throughout Illinois law against extending disclosure requirements beyond what is mandated by federal law. 
Lanier
, 114 Ill. 2d at 17. If an assignee were liable under the Consumer Fraud Act, though exempt from liability under TILA, it would impose disclosure requirements on assignees beyond those mandated by federal law. This would frustrate the overarching reasons put forth by Congress in enacting the assignee exemption, 
i.e.
, to narrow assignee liability, to make compliance easier for creditors, and to eliminate confusion as to the responsibilities of assignees. [Citation.] Thus, we conclude that an assignee is not responsible for the misrepresentations made by the dealer to the consumer outside of reviewing the face of the assigned document for apparent defects.” 
Jackson
, 197 Ill. 2d at 49-50.

The result in the present case can be no different. Under section 1641(a) of TILA, the assignee of a consumer lease is liable only for defects “apparent on the face” of the lease. The holder’s liability under the Leasing Act must be similarly limited. The plain language of section 70 reflects this limitation.

Plaintiffs argue, however, that section 70 should be read in concert with the federal regulation cited in their amended complaint. See 16 C.F.R. §433.2 (2000). Plaintiffs contend that when so read, section 70 preserves against the holder of a consumer lease 
all
 claims and defenses that a lessee could assert against the lessor. We disagree.

The federal regulation on which plaintiffs rely was issued by the Federal Trade Commission (FTC), the “overall enforcing agency” designated by TILA. 15 U.S.C. §1607(c) (2000). This FTC regulation requires that the following notice, commonly referred to as the “FTC Holder Notice,” appear in all “consumer credit contracts”:

“NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOOD OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.”  16 C.F.R. §433.2 (2000).

Unlike section 70 of the Leasing Act, the FTC Holder Notice does not limit a holder’s liability to claims “apparent on the face” of the assigned documents. Construing section 70 in concert with the FTC Holder Notice would therefore render the “apparent on the face” language ineffective. It is well settled, however, that a statute should be construed so that no word or phrase is rendered meaningless or superfluous. 
People v. Maggette
, 195 Ill. 2d 336, 350 (2001); 
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990).

In addition, plaintiffs’ reliance on the FTC Holder Notice assumes that the notice is applicable to consumer leases. The appellate court determined, however, that the FTC Holder Notice does 
not
 apply to consumer leases because consumer leases do not fit within the definition of “consumer credit contracts” to which the notice does apply. 319 Ill. App. 3d at 518-19. Plaintiffs have not directly challenged the appellate court’s determination of this issue.

In any event, the FTC Holder Notice has been largely superceded by subsequent federal legislation, namely, section 1641(a) of TILA. The regulation containing the FTC Holder Notice was issued in 1975. See 16 C.F.R. §433.2 (2000), citing 40 Fed. Reg. 53,506 (1975); 
Taylor
, 150 F.3d at 692. In 1980, Congress amended TILA and, in so doing, narrowed considerably the potential scope of assignee liability. 
Taylor
, 150 F.3d at 692-93. The result of this amendment, section 1641(a), expressly limits the liability of an assignee to defects “apparent on the face” of the assigned documents. 15 U.S.C. §1641(a) (2000). As we recognized in 
Jackson
, “the unmistakable effect of the 1980 amendment is to trump the FTC’s Holder Notice.” 
Jackson
, 197 Ill. 2d at 54, citing 
Taylor
, 150 F.3d at 692-93. Accordingly, we reject plaintiffs’ argument that section 70 of the Leasing Act should be read in conjunction with the FTC Holder Notice.
(footnote: 2)
 We also reject plaintiffs’ argument that construing section 70 to limit the liability of the holder of a consumer lease to claims apparent on the face of the lease is “harsh and unjust.” We see no injustice in refusing to make the holder of a consumer lease responsible for the allegedly fraudulent conduct of the lessor. Furthermore, the limitation on an assignee’s liability is not absolute. In addition to liability for defects apparent on the face of the assigned documents, assignees are liable for their own preassignment fraud. For instance, an assignee would be liable under state law where it participated in a scheme with the motor vehicle dealer to defraud a lessee. See 
Jackson
, 197 Ill. 2d at 52. We note also that consumers such as plaintiffs are always free to pursue relief for the lessor’s misrepresentations or other fraud by proceeding against the 
lessor
. At the time of the appeal in this case, plaintiffs’ claims against the dealer/lessor for violation of the Consumer Fraud Act, common law fraud, and revocation of their acceptance of the lease were pending in the circuit court.

Having determined that the holder of a consumer lease is subject only to those claims which “the lessee could assert against the lessor” 
and
 are “apparent on the face” of the lease (815 ILCS 636/70 (West 2000)), we conclude that the appellate court erred in reversing the dismissal of count IV of plaintiffs’ amended complaint against Gold Key. Plaintiffs’ claim seeking rescission of the lease attempts to hold Gold Key liable for misrepresentations of the dealer/lessor which are not apparent on the face of the lease. Gold Key’s obligation, however, under both TILA and the Illinois Leasing Act, was limited to a review of the assigned lease for defects apparent on its face.

CONCLUSION

For the reasons discussed above, we reverse the judgment of the appellate court reversing the dismissal of count IV, affirm the judgment of the circuit court dismissing this count, and remand the cause to the circuit court for further proceedings on plaintiffs’ claims against the dealer.

Appellate court judgment reversed;

circuit court judgment affirmed;

cause remanded.

JUSTICE KILBRIDE, specially concurring:

For the reasons set forth in my special concurrence in
 Jackson v. South Holland Dodge, Inc.
, 197 Ill. 2d 39, 58-60 (2001) (Kilbride, J., specially concurring), I agree with the majority’s judgment in this case but disagree with the majority’s reasoning. The majority correctly concludes plaintiffs have not sufficiently plead a cause of action under the Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/1 
et seq
. (West 1994)) against the holder of the lease, Gold Key Lease, Inc. I respectfully contend, however, that the majority has again over-extended our holding in 
Lanier
.

In 
Lanier
, we noted that section 10b(1) of the Act provides that it does not apply to “ ‘[a]ctions or transactions 
specifically authorized
 by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States.’ ” (Emphasis added.) 
Lanier
, 114 Ill. 2d at 17, quoting Ill. Rev. Stat. 1981, ch. 121½, par. 270b(1) (now 815 ILCS 505/10b(1) (West 2000)). 
Lanier
 thus limited exemptions from liability to conduct that is directly required by TILA and not to conduct that does not violate TILA. In this case, the majority has again misapplied 
Lanier
 by holding that if there is no technical violation of TILA, then the conduct is specifically authorized by TILA. The accurate rule under 
Lanier
 is that, unless there is a patent TILA violation (see 15 U.S.C. §1641(a) (1994)) or unless a plaintiff can show active and direct, preassignment fraud on the part of the assignee, a plaintiff cannot maintain a cause of action against an assignee. 

For these reasons, I respectfully concur only in the judgment and I do not endorse the reasoning employed by the majority to reach that judgment.

FOOTNOTES
1:   
1
A third defendant, Chrysler Financial Corporation, was also named, but claims against this defendant have been dismissed and are not a part of this appeal. See 319 Ill. App. 3d 509, 512.

2:   
2
Tangentially, we note that the FTC Holder Notice has not been rendered completely meaningless by section 1641(a) of TILA. The notice “continues to fill a valuable role by confirming the right of buyers to withhold payment from sellers or assignees, if it becomes apparent that the car purchased is a lemon.” 
Jackson
, 197 Ill. 2d at 54, citing 
Ellis v. General Motors Acceptance Corp.
, 160 F.3d 703, 709 (11th Cir. 1998). The present case does not present this limited scenario.