No. 2--05--0097

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

RON KELLEY, LISA KELLEY, KELLEY
       ) Appeal from the Circuit Court

PARTNERS, INC., GUY MULLEN, and
 ) of 
Du Page 
County.

MULLEN ENTERPRISES, INC., 
 )

) 

Plaintiffs-Appellants,
 )

)

v.
 ) 
No. 03--L--1058

)

MICHAEL J. CARBONE and MICHAEL 
 )

J. CARBONE AND ASSOCIATES,  INC.,
 ) 
Honorable

) 
Terence M. Sheen, 

Defendants-Appellees.
 ) 
Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiffs, Ron and Lisa Kelley, Kelley Partners, Inc., Guy Mullen, and Mullen Enterprises, Inc., appeal the trial court's order dismissing their complaint against defendants, Michael J. Carbone and Michael J. Carbone & Associates, Inc.  Plaintiffs contend that the trial court erred in ruling that defendants owed them no duty.  We reverse and remand.

Plaintiffs' third amended complaint alleges the following facts.  Plaintiffs leased business properties from Triad Randall Lake, L.L.C. (Triad).  The Kelley plaintiffs operated an Oil Works business while the Mullen plaintiffs operated a car wash facility on an adjacent parcel.  Each lease provided that after five years the lessees would have an option to purchase the property pursuant to a formula set out in the lease.  While the formula is somewhat complex, for present purposes it is sufficient to note that the purchase price was based on an appraisal performed by defendants.  The leases referred to defendants by name as the appraisers. 

Defendants' initial appraisal stated that it was prepared for Todd Surta, president of Triad, and it certified that it met the Uniform Standards of Professional Appraisal Practice (USPAP).  It also provided that it was to "be used by the client to support possible future purchase agreements between the client and the current lessee of the subject property." 

Plaintiffs exercised their options to purchase the properties.  Thereafter, they sued defendants for negligent misrepresentation.  Plaintiffs alleged that the appraisal did not in fact conform to the USPAP.  Plaintiffs alleged numerous specific mistakes.  Plaintiffs contended that, as a result of these errors, they paid higher prices for the properties.

Defendants moved to dismiss the third amended complaint.  They argued that they owed no duty to plaintiffs, who were not their clients.  The trial court agreed and dismissed the complaint with prejudice.  Plaintiffs timely appeal.

Defendants moved to dismiss the complaint pursuant to section 2--615 of the Code of Civil Procedure (735 ILCS 5/2–615 (West 2004)).  Such a motion challenges only the complaint's legal sufficiency.  
Jarvis v. South Oak Dodge, Inc.
, 201 Ill. 2d 81, 85 (2002).  "The critical inquiry is whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted."  
Jarvis
, 201 Ill. 2d at 86.  In ruling on a section 2--615 motion, a court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences favorable to the pleader.  
American National Bank & Trust Co. v. City of Chicago
, 192 Ill. 2d 274, 279 (2000).  A cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved that will entitle the plaintiff to recover.  
Loftus v. Mingo
, 158 Ill. App. 3d 733, 738 (1987).  We review 
de novo
 the dismissal of a complaint under section 2--615.  
Jarvis
, 201 Ill. 2d at 86.

Plaintiffs contend that their complaint states a cause of action for negligent misrepresentation.  They maintain that defendants owed them a duty despite the lack of contractual privity.  Plaintiffs also contend that an action for negligent misrepresentation is an exception to the 
Moorman
 rule that purely economic damages are not recoverable in tort.  See 
Moorman Manufacturing Co. v. National Tank Co.
, 91 Ill. 2d 69 (1982).  Defendants agree that plaintiffs could maintain a cause of action for negligent misrepresentation despite the lack of contractual privity and that such an action is an exception to the 
Moorman
 economic-loss doctrine.  However, they contend that plaintiffs' complaint does not allege that defendants owed them a duty under the facts of this case.

To plead a cause of action for negligence, a plaintiff must allege the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach.  
Kirwan v. Lincolnshire-Riverwoods Fire Protection District
, 349 Ill. App. 3d 150, 155 (2004).  The existence of a duty is a question of law to be decided by the court.  
 Downs v. Steel & Craft Builders, Inc.
, 358 Ill. App. 3d 201, 204 (2005).  For a duty to exist, the plaintiff and the defendant must stand in such a relationship that the law imposes upon the defendant an obligation of reasonable conduct for the plaintiff's benefit.  
Kopka v. Kamensky & Rubenstein
, 354 Ill. App. 3d 930, 934 (2004).
 In 
Rozny v. Marnul
, 43 Ill. 2d 54 (1969), the supreme court formally abandoned the concept of privity of contract in actions for negligent misrepresentation.  Thus, a defendant in the business of supplying information may owe a duty to a plaintiff despite the fact that the plaintiff was not the defendant's client.  Accordingly, tort liability is to be measured "by the scope of the duty owed rather than the artificial concepts of privity [of contract]."  
Rozny
, 43 Ill. 2d at 62.  However, liability is limited to the person or the limited group of persons for whose benefit and guidance the information is intended.  
Rozny
, 43 Ill. 2d at 66-67; Restatement (Second) of Torts §552 (1977).

To plead a cause of action for negligent misrepresentation against a provider of information employed by a third party, a plaintiff must allege that the purpose and intent of the relationship was to benefit or influence the plaintiff.  
Pelham v. Greisheimer
, 92 Ill. 2d 13, 21 (1982); 
Brumley v. Touche, Ross & Co.
, 139 Ill. App. 3d 831, 836 (1985).  Thus, to show that defendants owed them a duty, plaintiffs here had to allege that the appraisal was intended to benefit or influence plaintiffs.  Plaintiffs have done so.

The appraisal itself stated that it was to "be used by the client to support possible future purchase agreements between the client and the current lessee of the subject property."  Plaintiffs also allege that defendants were provided with copies of the leases, which detailed plaintiffs' options to purchase the properties.  Defendants knew that plaintiffs' decisions to purchase the properties would be influenced by their appraisal of the properties.  Thus, plaintiffs have established that they were part of the limited class for whose guidance the appraisal was intended. 

The "third-party duty" cases have typically involved professionals such as lawyers and accountants.  
Rozny
 involved a faulty survey, which caused the ultimate purchaser of the property to place his garage on the lot line.  
Rozny
, 43 Ill. 2d at 58.  Our research has not uncovered an Illinois case specifically imposing a similar duty on an appraiser, but cases in other states have done so.  In 
Costa v. Niemon
, 123 Wis. 2d 410, 366 N.W.2d 896 (App. 1985), the plaintiffs alleged that the defendant, who was paid by the lender, negligently performed an appraisal, causing the plaintiffs to overpay for their house.  The appeals court upheld a finding of liability, rejecting the argument that harm to a remote purchaser of the property was not foreseeable.  The court stated, "It is beyond serious dispute that an appraiser's negligently performed calculation of the value of property is an act or omission which would foreseeably cause some harm to someone."  
Costa
, 123 Wis. 2d at 414, 366 N.W.2d at 899.  Other cases have also held that third-party liability extends to appraisers.  See 
Soderberg v. McKinney
, 44 Cal. App. 4th 1760, 1768, 52 Cal. Rptr. 2d 635, 640 (1996); 
Schaaf v. Highfield
, 127 Wash. 2d 17, 23, 896 P.2d 665, 668-69 (1995); 
Tackling v. Shinerman
, 42 Conn. Supp. 517, 522, 630 A.2d 1381, 1384 (1993); 
Perpetual Federal Savings & Loan Ass'n v. Porter & Peck, Inc.
, 80 Ohio App. 3d 569, 572, 609 N.E.2d 1324, 1326 (1992).

Defendants, however, contend that they had no duty to plaintiffs because the appraisal  states that it was prepared exclusively for the use of Todd Surta, Triad's president.  However, this does no more than establish a lack of contractual privity between plaintiffs and defendants.  As we have seen, defendants may owe plaintiffs a duty despite the lack of privity.  The statement about using the appraisal for future purchase agreements between Triad and the lessees shows defendants' understanding that the appraisal would be used by others.

Citing 
Rozny
, defendants further argue that they cannot be liable to plaintiffs because their appraisal did not contain a guarantee of accuracy.  There, the court found it significant that the survey contained an " 'absolute guarantee for accuracy.' "  
Rozny
, 43 Ill. 2d at 66.  However, that was just one of six factors the court considered in imposing liability on the surveyor.  Defendants' quotation from 
Rozny
 in their brief conveniently omits the remaining five factors.  The complete list of factors mentioned by the 
Rozny
 court is as follows:

"As is apparent from the foregoing discussion, the factors we consider relevant to our holding are:

 (1) The express, unrestricted and wholly voluntary 'absolute guarantee for accuracy' appearing on the face of the inaccurate plat;
(2) Defendant's knowledge that this plat would be used and relied on by others than

the person ordering it, including plaintiffs;
(3) The fact that potential liability in this case is restricted to a comparatively small

group, and that, ordinarily, only one member of that group will suffer loss;

(4) The absence of proof that copies of the corrected plat were delivered to anyone;

(5) The undesirability of requiring an innocent reliant 
party to carry the burden of a

surveyor's professional mistakes; [and]

(6) That recovery here by a reliant user whose ultimate use was foreseeable will

promote cautionary techniques among surveyors."  
Rozny
, 43 Ill. 2d at 67-68.

While the fourth factor was based on facts unique to that case, factors two, three, five, and six apply here.  As already discussed, defendants knew that plaintiffs would rely on their appraisal.  As plaintiffs were the only then-current lessees, potential liability was restricted to a small, well-defined group. 

Moreover, although defendants' appraisal did not carry an unequivocal guarantee of accuracy, it did certify that it complied with the USPAP, the purpose of which is, presumably, to encourage accurate appraisals.  Thus, defendants did at least indirectly warrant the accuracy of their work.  Applying the complete list of factors mentioned in 
Rozny
 leads to the conclusion that at least five apply to varying degrees here, and that this is sufficient to impose potential liability on defendants.

Defendants raise several additional arguments that 
we will discuss in varying degrees of detail.  Defendants argue at length that plaintiffs' only cause of action must be for negligent misrepresentation.  Plaintiffs do not disagree.  Their third amended complaint contains two counts (one for each set of plaintiffs) labeled "negligent misrepresentation."  In their brief, plaintiffs argue that they have stated a cause of action for negligent misrepresentation.  Therefore, we need not discuss this argument further.

Defendants next argue that the scope of their duty is "narrow," rather than "general."  The significance of this argument is not apparent.  As in all cases, the scope of the duty owed will necessarily depend on factors such as the nature of the parties' relationship.  Here, the only basis for placing a duty on defendants was their performance of the appraisal.  However, all of plaintiffs' allegations that defendants breached a duty relate to the appraisal.  Whether defendants also had some other duty to plaintiffs is not the issue.  Even if defendants' duty was "narrow," plaintiffs' allegations clearly relate to that narrow duty.

Finally, defendants contend that they cannot be liable because the USPAP does not create a duty toward third parties.  We agree.  However, while the standards do not create a duty toward third parties, they may help define the scope of a preexisting duty.  Plaintiffs do not allege that the USPAP themselves created a duty.  Rather, defendants' duty existed by virtue of their knowledge that plaintiffs would rely on their report.  Plaintiffs cite the USPAP only to demonstrate how defendants breached that duty.

Nagy v. Beckley
, 218 Ill. App. 3d 875 (1991), made this point in the analogous case of an attorney's alleged violation of the Code of Professional Responsibility.  The court held that the Code was not an independent font of tort liability, but could be relevant to the standard of care in a legal malpractice action.  
Nagy
, 218 Ill. App. 3d at 881; see also 
Skorek v. Przybylo
, 256 Ill. App. 3d 288, 291 (1993).  Here, plaintiffs alleged a duty existing apart from the USPAP.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded.

Reversed and remanded.

CALLUM and KAPALA, JJ., concur.