# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Klecan v. Countrywide Home Loans, Inc.*, 2011 IL App (3d) 100084

---

Appellate Court
Caption

JEFFERY S. KLECAN and KAREN D. KLECAN, Plaintiffs-
Appellants, v. COUNTRYWIDE HOME LOANS, INC., and
LANDSAFE FLOOD DETERMINATION, INC., Defendants-
Appellees.

District & No.

Third District
Docket No. 3–10–0084

Filed

June 29, 2011

Held

(*Note: This syllabus
constitutes no part of the
opinion of the court but
has been prepared by the
Reporter of Decisions for
the convenience of the
reader.*)

In an action arising from the flood damage to plaintiffs' house, the trial
court erred in dismissing plaintiffs' complaint alleging that the flood
determiner hired by plaintiffs' mortgagee to determine whether flood
insurance was required for plaintiffs' house negligently determined that
flood insurance was not required, regardless of the fact that the National
Flood Insurance Act, which required flood insurance for property
located in a flood hazard area, barred plaintiffs from bringing an action
against their mortgagee, since the flood determiner had reason to
believe plaintiffs would rely on its flood determination, the determiner's
liability for an erroneous determination was limited to plaintiffs, who
were foreseeable plaintiffs, and forcing plaintiffs to bear the burden of
an erroneous flood determination when they were innocent and had
little recourse would be undesirable.

Decision Under
Review

Appeal from the Circuit Court of Iroquois County, No. 08–L–25; the
Hon. James B. Kinzer, Judge, presiding.

| | |
|---|---|
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Frank J. Simutis, of Frank J. Simutis, P.C., of Watseka, for appellants. |
| | Derek S. Holland and Steven R. Smith, both of Bryan Cave LLP, of Chicago, for appellees. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion. |
| | Justices Lytton and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1     The home of the plaintiffs, Jeffrey and Karen Klecan, was damaged by widespread flooding in 2008. When the Klecans turned to their lender, Countrywide Home Loans, Inc. (Countrywide), for coverage, they learned that Countrywide did not require them to purchase flood insurance. The Klecans sued Countrywide and its subsidiary flood determiner, Landsafe Flood Determination, Inc. (Landsafe). The trial court dismissed the Klecans' complaint. The Klecans argue on appeal that the trial court erred in dismissing their complaint. We reverse and remand for further proceedings.

¶ 2                                         FACTS

¶ 3     The Klecans own a home in Watseka, Illinois. In early 2007, they refinanced their home through Countrywide. As part of the refinancing, the National Flood Insurance Act of 1968 (Flood Act) required Countrywide to conduct a flood determination. 42 U.S.C. § 4012a (2006). If the determination revealed that the Klecans' home was located in a special flood hazard area, Countrywide was statutorily mandated to require the Klecans to purchase flood insurance. 42 U.S.C. § 4012a (2006).

¶ 4     Countrywide engaged its subsidiary, Landsafe, to conduct the flood zone determination. Landsafe determined that the Klecans' home was not located in a flood zone. Countrywide allegedly did not notify the Klecans of this determination and did not require them to purchase flood insurance.

¶ 5     In 2008, Watseka experienced widespread flooding. As a result, the Klecans suffered severe damage to their home and personal property.

¶ 6     Following the flood, the Klecans discovered that Landsafe had not determined that their home was located in a flood zone. Consequently, the Klecans did not have flood insurance coverage through Countrywide. The Klecans also had not individually purchased flood insurance.

¶ 7	The Klecans alleged in their complaint that their previous lender required them to purchase flood insurance as a condition of their loan. They further stated that portions of their monthly loan payments to their prior lender were placed in escrow to pay the flood insurance premiums. However, Countrywide did not require the Klecans to purchase flood insurance or escrow portions of their loan payments.

¶ 8	In September 2008, the Klecans filed a complaint alleging that Countrywide was negligent for not requiring them to obtain flood insurance and that Landsafe erroneously determined that their home was not located in a flood zone. The Klecans conceded that their cause of action against Countrywide was barred by the Flood Act. However, they maintained that their claim against Landsafe was not barred. Despite this contention, the trial court granted Countrywide and Landsafe's motion to dismiss pursuant to section 2–619 of the Code of Civil Procedure (735 ILCS 5/2–619(a)(9) (West 2008)). The Klecans appealed.

¶ 9	ANALYSIS

¶ 10	The Klecans argue that the trial court erred in dismissing their complaint against Landsafe. They contend that the Flood Act does not bar their state common law negligence claim against Landsafe, a third-party flood determiner. We agree.

¶ 11	The Flood Act requires federally insured lenders of mortgage real estate loans to determine if the borrower's property is located in a special flood hazard area. 42 U.S.C. § 4012a(e)(1) (2006). Following an affirmative flood determination, the lender must notify the borrower and require him or her to purchase flood insurance. 42 U.S.C. § 4012a(e) (2006). If the borrower fails to purchase flood insurance 45 days after notification, "the lender or servicer for the loan shall purchase the insurance on behalf of the borrower and may charge the borrower for the cost of premiums and fees incurred by the lender or servicer for the loan in purchasing the insurance." 42 U.S.C. § 4012a(e)(2) (2006). A lender may delegate its flood determination duties to a third-party flood determiner provided the flood determiner "guarantees the accuracy of the information." 42 U.S.C. § 4104b(d) (2006).

¶ 12	Landsafe contends that the Flood Act bars the Klecans' common law claim because it arises under the Act. Although other Illinois courts have held that a borrower's common law negligence claim against a lender was barred by the Flood Act, we note that an Illinois court has yet to address a borrower's common law negligence claim against a flood determiner. See *Mid-America National Bank of Chicago v. First Savings & Loan Ass'n of South Holland*, 161 Ill. App. 3d 531 (1987) (holding that the Flood Act did not create a duty on the part of mortgage lenders to disclose flood hazards to borrowers); see also *Lehmann v. Arnold*, 137 Ill. App. 3d 412 (1985) (finding that borrowers cannot maintain a private cause of action that arises out of a lender's failure to comply with the Flood Act).

¶ 13	The Klecans contend that their complaint should be allowed to proceed because Landsafe is not a lender and therefore not protected by the Flood Act. The Klecans concede that their complaint against Countrywide was properly dismissed under the Flood Act and the *Mid-America National Bank* and *Lehmann* decisions. However, they maintain that their negligence claim against Landsafe is based solely on the breach of a common law duty of care, and not the Flood Act. Further, they analogize their complaint to a professional

negligence claim. In support of this contention, they cite cases where similar real estate professionals were found liable to a third party for breaching a contractual duty. See *Rozny v. Marnul*, 43 Ill. 2d 54 (1969) (surveyor was held liable to a third party who did not hire the surveyor for an inaccurate survey); *Kelley v. Carbone*, 361 Ill. App. 3d 477 (2005) (appraiser hired by the seller was held liable to a third-party purchaser for an erroneous appraisal); *Perschall v. Raney*, 137 Ill. App. 3d 978 (1985) (termite inspector, who was hired by the real estate broker, was liable to the buyer for negligent misrepresentation).

¶ 14    We begin our analysis with the Flood Act to determine if it immunizes flood determiners from common law negligence suits brought by borrowers. To make this determination, we first look to "the language of the statute itself." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). "Absent a clearly expressed legislative intention to the contrary," the language of the statute "must ordinarily be regarded as conclusive." *Id.*

¶ 15    The plain language of the Flood Act authorizes lenders to rely on a third-party flood determiner's findings without incurring liability for the determiner's mistakes. See 42 U.S.C. §§ 4104b(d), (e) (2006). However, the Flood Act does not extend similar immunity to suits by borrowers against flood determiners. Thus, we find that the plain language of the Flood Act does not bar a common law negligence claim brought by a borrower against a flood determiner.

¶ 16    Next, we determine if the Klecans can maintain their common law negligence complaint against Landsafe under Illinois law. A negligence pleading requires the plaintiff to allege the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach. *Kelley*, 361 Ill. App. 3d 477. Here, the Klecans allege in their complaint that Landsafe owed them a duty to "perform the required flood certification in a commercially reasonable manner, and in accordance with the prevailing standards within the flood certification and determination industry." Landsafe purportedly breached this duty when it determined that the Klecans' property was not located within special flood hazard area "AE." Moreover, this conclusion was reached in spite of an earlier flood determination that located the Klecans' property in the special flood hazard area. As a result of Landsafe's breach, the Klecans contend that they suffered damages in excess of $50,000.

¶ 17    Landsafe argues that, without the Flood Act, it did not owe a duty of care to the Klecans. Having found that the Flood Act does not immunize Landsafe from a common law negligence claim, we limit our analysis to whether Landsafe owed a duty of care to the Klecans under Illinois law.

¶ 18    "For a duty to exist, the plaintiff and the defendant must stand in such a relationship that the law imposes upon the defendant an obligation of reasonable conduct for the plaintiff's benefit." *Kelley*, 361 Ill. App. 3d at 480. Absent contractual privity between the parties, tort liability is measured by the scope of the duty owed to foreseeable plaintiffs. *Rozny*, 43 Ill. 2d 54.

¶ 19    In *Rozny*, the supreme court held a surveyor liable to a third-party purchaser who built his garage on his neighbor's lot as a result of a negligent survey. *Rozny*, 43 Ill. 2d 54. Despite the lack of privity of contract between the surveyor and the plaintiff, the supreme court stated "the ultimate loss resulting from the faulty survey fell upon one other than the person for

whom the survey was made" and thus did "not absolve defendant from responding in damages." *Id*. at 66. The supreme court considered six factors in determining that the third party was a foreseeable plaintiff. These factors were:

"(1) The express, unrestricted and wholly voluntary 'absolute guarantee for accuracy' appearing on the face of the inaccurate plat;

(2) Defendant's knowledge that this plat would be used and relied on by others than the person ordering it, including plaintiffs;

(3) The fact that potential liability in this case is restricted to a comparatively small group, and that, ordinarily, only one member of that group will suffer loss;

(4) The absence of proof that copies of the corrected plat were delivered to anyone;

(5) The undesirability of requiring an innocent reliant party to carry the burden of a surveyor's professional mistakes;

(6) That recovery here by a reliant user whose ultimate use was foreseeable will promote cautionary techniques among surveyors." *Id*. at 67-68.

¶ 20 We find that the flood determiner's role is of similar importance in a real estate transaction as that of the surveyor. Although the determiner is hired by the lender, its findings directly impact the decision of the borrower to purchase flood insurance. Therefore, we apply the factors considered by the supreme court in *Rozny* to determine if a flood determiner owes a duty of care to foreseeable plaintiffs.

¶ 21 We first note that the flood determiner's report fails to satisfy the first consideration in that it does not contain an unrestricted guarantee of accuracy. However, the second consideration is met. Landsafe had reason to believe that its flood determination would be relied on by the Klecans, whose decision to purchase flood insurance would be impacted by Landsafe's determination. Further, the third factor is satisfied. Landsafe's liability for an erroneous determination is restricted to the Klecans. The fourth consideration is irrelevant to the present case because Landsafe never offered a corrected flood determination. The policy concerns of the fifth consideration greatly favor a finding that the Klecans were foreseeable plaintiffs. It is undesirable to force the Klecans to shoulder the burden of an erroneous flood determination when they were an innocent party with little other recourse. Finally, we find that the Klecans' ultimate use of Landsafe's flood determination was foreseeable, as it impacted their decision to purchase flood insurance. As a result, a possible finding of liability will promote cautionary techniques in the flood determiner industry.

¶ 22 We find that the Klecans were foreseeable plaintiffs. Thus, Landsafe owed them a duty of care in preparation of their flood determination, and the trial court erred in dismissing their complaint.

¶ 23 CONCLUSION

¶ 24 For the foregoing reasons, the judgment of the circuit court of Iroquois County is reversed, and the cause is remanded.

¶ 25 Reversed and remanded.