# Illinois Official Reports

## Appellate Court

---

### *Doe I v. Doe I*, 2016 IL App (1st) 153272

---

| | |
|---|---|
| Appellate Court Caption | JANE DOE I, Special Administrator of the Estate of Jane Doe II, Deceased, Plaintiff-Appellant, v. JOHN DOE I, as Parent and Guardian of John Doe II, a Minor; JANE DOE III, as Parent and Guardian of John Doe II, a Minor; JOHN DOE II, a Minor; JOHN DOE III, as Parent and Guardian of Jane Doe IV, a Minor; JANE DOE V, as Parent and Guardian of Jane Doe IV, a Minor; and JANE DOE IV, a Minor, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-15-3272 |
| Filed | November 10, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2015-L-5725; the Hon. William E. Gomolinski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Brion W. Doherty, of Motherway & Napleton, of Chicago, for appellant.<br><br>Barry W. Whalen, of Tomassi & Whalen, of Chicago, for appellees John Doe III, Jane Doe IV, and Jane Doe V.<br><br>Michael Resis, Glen E. Amundsen, and Joseph P. Carlasare, of SmithAmundsen, LLC, of Chicago, for other appellees. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Cunningham and Delort concurred in the judgment and opinion.


**OPINION**


¶ 1      The plaintiff, Jane Doe I, as special administrator of the estate of Jane Doe II, deceased, appeals from orders of the trial court dismissing all six counts of her complaint predicated upon the alleged negligence of the defendants resulting in the suicide death of Jane Doe II; denying her motion to reconsider the dismissal of counts I, II, and III; and (3) denying her motion for leave to file an amended complaint. For the reasons that follow, we affirm.

¶ 2      The plaintiff filed the instant action against the defendants, John Doe I and Jane Doe III, as parents and guardians of John Doe II, a minor; John Doe II, a minor; John Doe III and Jane Doe V, as parents and guardians of Jane Doe IV, a minor; and Jane Doe IV, a minor, alleging negligence that resulted in the suicide death of Jane Doe II. The defendants John Doe I, Jane Doe III, and John Doe II moved, pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2014)), to dismiss counts I, II, and III of the plaintiff's complaint. The trial court granted the motion and subsequently denied the plaintiff's motion to reconsider and for leave to file an amended complaint. The defendants John Doe III, Jane Doe V, and Jane Doe IV filed a motion pursuant to section 2-615 of the Code to dismiss counts IV, V, and VI of the plaintiff's complaint. The trial court also granted that motion, and this appeal followed.

¶ 3      On June 10, 2013, Jane Doe II (decedent) committed suicide. The plaintiff filed the instant action alleging in her complaint that, over social media, John Doe II fraudulently expressed to the decedent his intention to commit suicide or inflict severe physical harm upon himself. She also alleged that Jane Doe IV, with full knowledge that John Doe II had no intention of committing suicide or inflicting severe physical harm upon himself, nevertheless communicated with the decedent over social media, expressing that it was John Doe II's intention to commit suicide or inflict severe physical harm upon himself. The plaintiff's complaint asserted that, based upon the negligent communications from John Doe II and Jane Doe IV and their failure to inform the decedent that John Doe II had no intention of committing suicide or inflicting severe physical harm upon himself, the decedent developed "severe physical, psychological, and emotional anguish and anxiety, precipitating her death by suicide." The plaintiff alleged that John Doe I and Jane Doe III, as parents and guardians of John Doe II, were negligent in failing to monitor any conversations that John Doe II was having over social media and in allowing their minor son to fraudulently express to the decedent his intention to commit suicide or inflict severe physical harm upon himself. As to John Doe III and Jane Doe V, the plaintiff alleged that, as parents and guardians of Jane Doe IV, they were negligent in failing to monitor any conversations that Jane Doe IV was having over social media and in allowing their minor daughter to fraudulently express to the decedent that John Doe II intended to commit suicide or inflict severe physical harm upon himself.

¶ 4     The defendants filed motions pursuant to section 2-615 of the Code seeking the dismissal of all six counts of the plaintiff's complaint, alleging that, *inter alia*, as a matter of law, the decedent's suicide was an independent intervening cause, which broke the chain of causation between their alleged negligence and the decedent's death. The trial court granted the motions and dismissed all six counts of the complaint with prejudice and denied the plaintiff leave to file an amended complaint.

¶ 5     As the instant appeal comes to us following the dismissal of the plaintiff's claims pursuant to section 2-615 of the Code, our review is *de novo*. *Kanerva v. Weems*, 2014 IL 115811, ¶ 33. The question presented is whether the allegations of the plaintiff's complaint, when taken as true and viewed in the light most favorable to the plaintiff, state a cause of action upon which relief may be granted. *Id.*

¶ 6     To state a cause of action for negligence, a plaintiff must plead facts that support a duty owed by the defendant, a breach of that duty, an injury to the plaintiff proximately caused by the breach, and damages. *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 194-95 (1995). "[T]he general rule, applicable in negligence actions, [is] that the injured party's voluntary act of suicide is an independent intervening act which is unforeseeable as a matter of law, and which breaks the chain of causation from the tortfeasor's negligent conduct." *Turcios v. The DeBruler Co.*, 2015 IL 117962, ¶ 20. "This rule has been applied in wrongful death actions based on conduct by the defendant amounting to negligence, provided [that] the defendant was under no duty to decedent to prevent the suicide." *Id.*

¶ 7     The "suicide rule," as it has come to be known, is based on principles of proximate cause. In actions for negligence and intentional torts alike, the injury suffered by a plaintiff must be the natural consequence, not merely a remote consequence, of the defendant's act before there can be a recovery in tort. *Id.* ¶ 27 (citing *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 58-59 (1994)).

¶ 8     In urging reversal of the trial court's orders dismissing all six counts of her complaint, the plaintiff argues that she pled facts supporting all of the elements necessary to sustain negligence claims against the minor defendants and negligent supervision claims against their parents. We disagree.

¶ 9     Contrary to the plaintiff's assertions, we find no allegations in her complaint that support the conclusory assertion appearing in each count that the decedent's death "was a foreseeable result of the alleged negligence." Although in ruling on a section 2-615 motion to dismiss the court must accept as true all well-pled facts contained in the complaint under attack, the court does not accept as true conclusions of fact or law that are not supported by allegations of fact upon which the conclusions rest. *Jarvis v. South Oak Dodge, Inc.*, 201 Ill. 2d 81, 86 (2002).

¶ 10    As our supreme court held in *Turcios*, when a plaintiff seeks to recover damages predicated upon a decedent's suicide, allegedly brought about through the acts of the defendant, "the plaintiff must do more than plead facts which, if proven, would establish that the defendant's conduct was a cause in fact of the suicide." *Turcios*, 2015 IL 117962, ¶ 40. "[A] plaintiff must plead facts demonstrating that the suicide was foreseeable, *i.e.*, that it was a likely result of the defendant's conduct." *Id.*

¶ 11    Here, there are no factual allegations in any of the counts contained in the plaintiff's complaint that, if proven, would establish that the decedent's suicide was the foreseeable result of the defendants' conduct. Further, as to the negligent supervision claims against John Doe I, Jane Doe III, John Doe III, and Jane Doe IV, pled in counts I, II, IV, and V,

respectively, the plaintiff failed to allege that these defendants were aware of specific instances of prior conduct on the part of their children sufficient to put them on notice that the complained-of acts of their children were likely to occur. See *Lott v. Strang*, 312 Ill. App. 3d 521, 524 (2000). We conclude, therefore, that the trial court properly dismissed each count of the plaintiff's complaint.

¶ 12 The plaintiff also argues that the trial court abused its discretion when it denied her leave to amend her complaint. She contends that she advised the trial court that "she could plead new facts that related to the foreseeability issue—that at least one of the defendant children knew the decedent wanted to commit suicide and knowingly encouraged it by *his* communications." (Emphasis added.) However, the plaintiff never tendered a proposed amended complaint to the trial court for its review, nor did she inform the trial court of the additional facts that she was prepared to plead other than to state in her written motion that "the defendant child [presumptively John Doe II] knew that the decedent was suicidal and made deliberate and coordinated attempts to encourage her to take her own life."

¶ 13 A motion to file an amended complaint is addressed to the sound discretion of the trial court. *Dembski v. Lynwood Development Corp.*, 23 Ill. 2d 395, 397 (1961). In determining whether the trial court has abused its discretion in denying such a motion, we look to four factors, namely "(1) whether the proposed amendment would cure the defective pleading; (2) whether the other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). In this case, our focus is upon the first factor.

¶ 14 In addition to her failure to tender a proposed amended complaint to the trial court for its review, the plaintiff never advised the trial court or this court of the additional facts that she was prepared to plead that would cure the defects in count I against John Doe I, count II against Jane Doe III, count IV against John Doe III, count V against Jane Doe V, or count VI against Jane Doe IV. In the absence of a proposed amended pleading, or at minimum some indication in the record that the plaintiff advised the trial court of the facts she was prepared to allege against these defendants in an amended complaint, we are powerless to review the trial court's exercise of discretion in denying the plaintiff leave to replead claims against John Doe I, Jane Doe III, John Doe III, Jane Doe V, or Jane Doe IV.

¶ 15 We are left then with the question of whether the trial court abused its discretion in not granting the plaintiff leave to file an amended complaint against John Doe II, based upon the assertion in her motion that he "knew that the decedent was suicidal and made deliberate and coordinated attempts to encourage her to take her own life." Based upon that assertion, the plaintiff argues that the decedent's suicide was not unforeseeable. Rather, it was the natural and probable result of John Doe II's actions and not an independent intervening event, which broke the chain of causation. The plaintiff concludes, therefore, that the trial court abused its discretion in denying her motion to file an amended complaint.

¶ 16 As noted earlier, our supreme court has reaffirmed the proposition that the voluntary act of suicide "is an independent intervening act which is *unforeseeable as a matter of law*, and which breaks the chain of causation from the tortfeasor's negligent conduct." (Emphasis added.) *Turcios*, 2015 IL 117962, ¶ 20. Our research has revealed only two recognized exceptions to this rule: (1) when, as the proximate result of a physical injury caused by the tortfeasor, the injured party becomes insane or bereft of reason and while in that state

commits suicide (*Stasiof v. Chicago Hoist & Body Co.*, 50 Ill. App. 2d 115, 122 (1964), *aff'd sub nom. Little v. Chicago Hoist & Body Co.*, 32 Ill. 2d 156 (1965)) and (2) when a mental health care professional who has assumed the care, custody, or control over an individual with known suicidal tendencies fails to act reasonably to prevent self-inflicted harm, and the individual commits suicide (*Winger v. Franciscan Medical Center*, 299 Ill. App. 3d 364, 374-75 (1998)).

¶ 17    The circumstances as pled in the plaintiff's complaint, even when supplemented with the additional assertion that John Doe II knew that the decedent was suicidal and deliberately encouraged her to take her own life, do not fall within either recognized exception to the general rule that a plaintiff may not recover for a decedent's suicide because suicide is an intervening act, which breaks the chain of causation from a defendant's negligent conduct. Neither John Doe II, nor any of the other defendants, is alleged to be a mental health care professional who had assumed the care, custody, or control over the decedent; nor were any of the defendants alleged to have caused a physical injury to the decedent that rendered her insane or bereft of reason. Further, although the plaintiff advised the trial court that John Doe II knew that the decedent was suicidal and encouraged her to take her own life, the plaintiff made no assertion, either before the trial court or in her briefs filed with this court, that, if afforded an opportunity to do so, she was prepared to plead that the decedent's act of suicide was anything other than a voluntary act. Accordingly, we find no abuse of discretion in the trial court's denial of the plaintiff's motions for leave to file an amended complaint against John Doe II or any of the other defendants.

¶ 18    Based upon the foregoing analysis, we affirm the trial court's orders dismissing all six counts of the plaintiff's complaint, denying her motion to reconsider, and denying her motion to file an amended complaint.

¶ 19    Affirmed.